WILLIAM K. FOX, plaintiff in error, *vs.* J. W. DAVIS & COMPANY, defendants in error.

1. Where there is no evidence in the record that the bailee received the goods entrusted to him in the county of Fulton, and state of Georgia, but where the goods were sent by the bailor, from Louisville, Kentucky, to the purchaser from the bailee at Talladega, Alabama, direct, a prosecution of the bailee for larceny after a trust of these goods, will not lie in Fulton county, Georgia, although the goods were sent direct to Talladega, by the direction of the bailee, and although he lived and did business in Fulton county, Georgia, and had agreed to consider the goods consigned to him and to be responsible therefor as consignee. -

2. If there be proof that the proceeds of the goods sold to the bailee in Georgia, but sent by his order to the purchaser in Alabama direct, came into the possession of such bailee in Fulton county, Georgia, and on demand upon him here, these proceeds were not delivered to the consignors nor their value paid to them, but were converted by the bailee to his own use, these facts, if not sufficient to sustain a prosecution of the bailee for

larceny after a trust in Fulton county, Georgia, go far to show probable cause for the prosecution, and in any event, will largely mitigate the damages.

3. The advice of counsel, while of itself, under our Code, it is no protection to the defendant in a suit for a malicious prosecution, may yet go to the jury as a circumstance tending to show want of malice, and the existence of probable cause, and in mitigation of damages; but a charge to the effect that if a client represented the true state of the case to his attorney, and received his advice and acted on it, this would furnish evidence of probable cause, but if he represented the case untruly, then such advice would not be any protection, is too broad, and might lead the jury to believe that if the representation of the client were true, the advice of counsel would be a protection to him, whereas, our Code expressly declares that in such case the client shall not be relieved from liability for damages.

Criminal law. Larceny after trust. Attorney and client. *Torts.* Malicious prosecution. Damages. Before Judge HOPKINS. Fulton Superior Court. October Term, 1874.

Reported in the opinion.

R. ARNOLD; E. N. BROYLES, for plaintiff in error.

D. F. & W. R. HAMMOND, for defendants.

JACKSON, Judge.

J. W. Davis & Company, of Louisville, Kentucky, sold to Fox, a merchant in Atlanta, a lot of furniture, which Fox directed to be shipped to Ross, at Talladega, Alabama. A portion of the goods appears from the evidence to have been so shipped under this ordinary purchase; but before all were shipped, the sellers, at Louisville, became uneasy, and refused to ship more unless Fox would agree to consider them sent to him under consignment, and be responsible for them as bailee. This was agreed to, and there is some conflict in the evidence whether the agreement embraced all the furniture sold or only the part shipped to Ross after the new agreement. We presume from their verdict that the jury thought the agreement embraced all the furniture, and we are not disposed to interfere with their finding in this particular. The agent of Davis & Company demanded these goods or their

proceeds, or payment for them from Fox. Fox offered to pay for the part sent after the agreement, considered this part on consignment, but this part only, and having failed in business, had only reserved money enough to pay for them, and could not pay more without injustice, he said, to other creditors. The agent of Davis & Company, Duvall, declined to receive this part payment, but insisted on all, according to the testimony of Fox and his clerk, but according to his own version no payment was tendered to him. It appears that the goods sold by Fox to Ross, and shipped by Davis & Company, were mortgaged by Ross to Fox, and that afterwards, in Fulton county, Georgia, this mortgage was transferred by Fox to other creditors to secure them, Davis & Company being left out, both as to the goods sent before and after the agreement to receive them on consignment. Thereupon, Davis & Company, by their agent, Duvall, prosecuted Fox for larceny after a trust, under section 4422 of the Code. Fox was in prison or custody some twenty-four hours, and was bound over to appear at court. At court the prosecution was abandoned, and he was discharged by order of court, and thereupon sued the defendants, Davis & Company, for a malicious prosecution ; the jury found for the defendant; a motion was made for a new trial, and refused, and the refusal to grant it is the error assigned.

Pending the time of the commitment of Fox and the session of the superior court, Fox and the creditors to whom he had transferred the mortgage, arranged with Davis & Company to let them into the mortgage on equal terms, other goods besides those shipped to Ross by Davis & Company being embraced in the mortgage; but it was expressly stipulated that this agreement should not affect the prosecution of Fox nor this suit for malicious prosecution.

1. This furniture was never sent to Fox, in Atlanta, on consignment. He never, therefore, received them here as bailee for Davis & Company. That relation did not exist between them within the county of Fulton as to this furniture. It is clear, therefore, that no prosecution could be

maintained against Fox, here, for larceny of these goods—of this furniture—after a trust; for the simple reason that there was no trust of the goods. Fox was never entrusted with them in the county of Fulton, and no agreement that he made with Davis & Company to consider the goods shipped from Louisville to Talladega as under consignment, could give the superior court here jurisdiction of the offense.

2. It seems, however, that he got in some sort, the proceeds of the goods into the county of Fulton. Ross mortgaged these, with other goods, to Fox, and sent the mortgage to him in Atlanta, and here, in Atlanta, he, Fox, transferred the mortgage to other creditors, thereby converting, in the county of Fulton, these proceeds to his own use. The question arises whether, under the last clause of section 4422 of the Code, a prosecution could be maintained against him in the county of Fulton, in view of this state of facts. The language of the clause is, "or if after a sale of any of the said articles, with the consent of the owner or bailor, such person shall fraudulently and without the consent of the said owner or bailor, convert the proceeds thereof, or any part of the proceeds to his or her own use, and fail or refuse to pay over the same on demand to such owner or bailor, such person," etc. Undoubtedly Fox did convert a part of these goods, in this county, to his own use, and we think, under the evidence probably the whole of them, the jury finding that all were received, at all events, settles that question here; but does not the clause contemplate that he must have been entrusted here with the articles out of which these proceeds came? We think so; because, the language is, "or if, after a sale of any of the said articles." What articles? Unquestionably, those previously entrusted to him as bailee here; but none were so entrusted to him as bailee here, in the county of Fulton; therefore he never received nor converted the proceeds of *such* articles, nor did he ever sell *such*. We think, therefore, that the court erred in his charge in the seventh ground of the motion, which is in these words: "If Fox received goods in whole or in part for sale on commission, and sold and re-

ceived the proceeds, or a portion, he would be bound to pay over the proceeds according to contract, and if in this county, on demand being made for the proceeds thus held, he failed to pay over the money, then a prosecution would lie against him for the proceeds thus held and not paid over." There is no evidence that Fox ever received any goods for sale on commission in the county of Fulton, and though the proceeds, in one sense, in the shape of a mortgage, of goods sent elsewhere from Louisville by his order, got into this county, and in his hands here, we do not think, in the absence of all proof that any part of the goods themselves ever were here, that he could have been convicted of this offense here. Yet we do think that the fact of such conversion of the mortgage here in the county of Fulton, if not sufficient to sustain an indictment for larceny after a trust, goes far to show probable cause for the prosecution, and in any event ought very largely to mitigate the damages. For the whole doctrine on the subject of malicious prosecution, see 1 American Leading Cases, 249, and note.

3. So we think, also, that the charge of the court on the subject of the advice of counsel, and the effect of such evidence in protecting the defendant, too broad, and that the jury may have been misled by it. The charge, in substance, was that if the client represented his case truthfully to counsel, and counsel advised him, and he acted on it *bona fide*, evidence of these facts would show probable cause, whereas, if the client misrepresented the case to counsel, his advice would be no protection. We think the jury may have understood by this that the advice of counsel would relieve the client from damages for a malicious prosecution, if his case, no matter how bad, was truthfully told to his counsel, and counsel advised the prosecution. This appears to be in the very teeth of our Code: Code, section 410. Yet we think the advice of counsel, though of itself, under our Code, no protection to the defendant in a suit for a malicious prosecution, is a circumstance tending to show, *bona fide*, the absence of malice, and the existence of probable cause; and as such

circumstance it should go to the jury to be weighed by them with the other facts of the case. It certainly ought to be admitted for these reasons, as well as to mitigate the damages; but the court, we think, should be particular to say to the jury that, of itself, this advice of counsel cannot be a complete protection to the defendant, but goes before them as a circumstance in the case, which when weighed with other circumstances, may, according to the facts of each case, relieve the defendant, or make the damages nominal, or mitigate them more or less.

On the whole, we think that the ends of justice will better be met by a new trial. We do not mean to express the opinion that there should be damages from the facts proven and disclosed in the record; certainly we do not mean to say that they should be heavy; but we think the plaintiff entitled to have the jury pass upon the facts in the light of the law as we have explained it; and with the law thus charged, as they shall find for or against the plaintiff, both he and the defendants must abide the verdict.

Judgment reversed.