## BARGE *v.* WEEMS.

1. That a prosecution by a landlord of a cropper for selling cotton before paying in full for advances received from the former to aid in making the cotton was instituted in good faith and upon probable cause could not be shown by proving that shortly after beginning the prosecution the landlord obtained against the cropper in a civil action a judgment which must necessarily have been based upon claims not constituting such advances ; and the more especially is this so when all the facts and circumstances in proof tended to show that the main, if not the only, object of the prosecution was to affect the result of the civil proceeding.

2. The evidence in this case not only warranted but amply supported the verdict, and the trial judge was right in refusing to set it aside.

Argued December 11, 1899. — Decided January 30, 1900.

Action for malicious prosecution. Before Judge Reid. City court of Atlanta. July 3, 1899.

*Peter F. Smith, R. R. Shropshire,* and *Westmoreland Brothers,* for plaintiff in error. *Hunt & Golightly,* contra.

LUMPKIN, P. J.   It would be a mockery of justice to set aside the verdict now under review.   That this is so will sufficiently appear from a statement of the material facts, as to which there is little dispute or difference between the parties.   Weems, a colored man, was a cropper of Barge, a white man, for the year 1897, the contract being that the former was to receive for his services one half of what he made, subject, as is usual in such cases, to the payment of whatever he might owe his landlord for advances.   On about thirty acres of land he made a fraction over fourteen bales of cotton and about one hundred and fifty bushels of corn.   There was positive evidence that this was very good farming, and we are all agriculturists enough to know that such is the fact.   It finally resulted that Barge got thirteen bales of the cotton, the greater part of the cottonseed, most of the fodder raised with the corn, and all of the corn except about ten bushels.   After many unsuccessful efforts to bring Barge to a settlement, Weems sold the only bale of cotton which had not been delivered to Barge, and also brought an action against Barge in a justice's court.   At the time Weems sold this cotton, he and his family were actually suffering for want of food and necessary clothing, and he informed Barge before making the sale of his intention to do so.   A few days before the trial of the action in the justice's court, Barge sued out a warrant against Weems, charging him with a misdemeanor. This prosecution was based upon the theory that in selling the bale of cotton Weems had violated section 680 of the Penal Code, which makes it an offense for a cropper to " sell or otherwise dispose of any part of the crop grown by him, without the consent of the landlord, and before the landlord has received his part of the entire crop and payment in full for all advances

made to the cropper in the year the crop was raised, to aid in making it." Weems was arrested and taken before a magistrate; and, being unprepared for trial, waived a hearing. Thereupon he was required to give bond in the sum of $200, conditioned for his appearance at the superior court. Barge was instrumental in having the bond fixed at the amount mentioned, and, but for his insistence, a smaller bond, and one which Weems would have been able to give, would have been exacted. Barge's conduct plainly indicated his desire to have Weems imprisoned. Weems could not give the $200 bond, and was kept in jail about three months before his final trial in the superior court, which resulted, as it should have done, in his acquittal. While he was in prison, Barge appropriated the bulk of the cottonseed, fodder and corn, as above indicated. The present action was brought by Weems against Barge for the damages occasioned him by the above-mentioned prosecution, the plaintiff alleging that it was malicious and without probable cause. The jury, after hearing the evidence, the substance of which is embraced in the foregoing statement, agreed with the plaintiff, and returned a verdict in his favor for $433.33. The trial judge refused to set this verdict aside. The defendant's motion for a new trial was based on alleged error in rejecting evidence and on the general grounds that the verdict was contrary to law and the evidence.

1. The evidence which the court refused to admit was a copy of the entire record of the suit of Weems v. Barge in the justice's court, which resulted in a judgment in favor of Barge. It was offered to show that when Barge sued out the criminal warrant Weems was actually indebted to him, and that accordingly Barge, in instituting the prosecution, acted in good faith and on probable cause. This record is a remarkable one. From it the following appears: The suit was upon an open account, in which Weems charged Barge with one half of the value of specified quantities of cotton and cottonseed, and credited him with stated amounts for guano, provisions, and cash, leaving a balance due Weems of $33.71. In defense Barge set up a counter-claim, which was also in the form of an account. He charged against Weems the guano, provisions, etc., embraced

in the account sued, on, and as to these items their figures were almost identical. Barge also charged against Weems some other items, such as costs in a State case of some kind against Weems, hire of team for "moving son-in-law, "and use of mules on Sundays. He also charged against Weems the full value of the very bale of cotton which the latter had sold. But the most remarkable charges which Barge brought against Weems were items amounting to $75, predicated upon his alleged failure to cultivate the crops of cotton and corn ." in a proper and farm-like manner. " Barge obtained a judgment for $99.95, presumably upon his own testimony. The record does not disclose where Weems was when this extraordinary judgment was rendered. It is quite probable that his mind was occupied with the question of meeting the criminal prosecution which had been begun, though the warrant had not yet been served upon him. Even if Barge could in any event support his claim of good faith in suing out this warrant by showing that, in a civil proceeding between himself and Weems, he had obtained a judgment against the latter, we are quite sure this record does not tend to support such a claim. Indeed it tends the other way, and therefore, even if it had been admissible at all, rejecting it did Barge no harm. No one could seriously contend that his claim of damages for the alleged "bad farming" and the other charges above mentioned constituted "advances" made to Weems to aid him in making the crop; and surely the bale of cotton which was a part of the crop was not such an "advance. " Moreover, as has been seen, Barge charged Weems with the full value of this bale, when one half of it was the property of Weems. If the items in Barge's account which could in no fair sense be treated as advances to Weems had been stricken, it would have resulted that when he sold the cotton he was not indebted to Barge a cent, but that Barge was actually indebted to Weems, and this Barge was obliged to know.

The preposterous claim for damages presented by Barge must stand, because it has been included wholly or partially in a judgment rendered by a court of competent jurisdiction; but, under the circumstances, we do not think the existence of this judgment should have been proved on the trial now under

review, as an evidence of Barge's good faith in taking out the warrant. He certainly knew at the time of so doing that Weems did not owe him anything for advances. The conclusion that the warrant was sworn out to defeat the civil suit of Weems is much more plausible, and this, most probably, is the exact truth of the matter.

2. We agree with the trial judge that the verdict in this case ought to stand. It is too righteous a finding to be disturbed. Barge's treatment of his humble cropper was oppressive and wrong from the beginning, and the persecution (called prosecution) which he instituted was totally indefensible. If there is anything wrong about the verdict, it is the amount. The jury might well have made it larger.

*Judgment affirmed. All the Justices concurring.*