### 732.   BROWN *v.* THE STATE.

1. A prosecution under the Penal Code, § 680, will not lie for the protection of the landlord as to any indebtedness other than advances necessary to make the crop.
2. The conviction is not justified by the evidence.

Accusation of misdemeanor, from city court of Statesboro— Judge Brannen. July 22, 1907.

Argued October 9,—Decided October 15, 1907.

*H. B. Strange,* for plaintiff in error.

*Fred. T. Lanier, solicitor,* contra.

42

POWELL, J. The defendant was a cropper of the prosecutor; and he was tried and convicted for a violation of the Penal Code, §680, which provides: "Any cropper who shall sell or otherwise dispose of any part of the crop grown by him, without the consent of the landlord, and before the landlord has received his part of the entire crop and payment in full for all advances made to the cropper in the year the crop was raised, to aid in making it, shall be guilty of a misdemeanor." The accusation alleged a loss of $31.25. The only items definitely shown by the evidence to be owing by the defendant to the prosecutor were for an old buggy, $15, and for a doctor's bill of $16, not contracted with the prosecutor, but bought up by the prosecutor from the physician. The code section does not protect landlords as to indebtedness due them other than advances necessary to make the crop. The buggy was primarily not such an article of necessity to make the crop, nor was it shown to be by the evidence. The physician's bill was not an advancement by the landlord at all. *Elliott* v. *Parker,* 94 *Ga.* 620 (20 S. E. 106); *Brimberry* v. *Mansfield,* 86 *Ga.* 794 (13 S. E. 132); *Scott* v. *Pound,* 61 *Ga.* 579; *Barge* v. *Weems,* 109 *Ga.* 685 (35 S. E. 65). There are other indicia in the record that the prosecution did not come up to the true spirit of the section cited from the Penal Code; but the above reason alone is sufficient to require a reversal.   *Judgment reversed.*