### 2760.  MCKENZIE v. THE STATE.

RUSSELL, J.  1. The assignments of error are without merit. The evidence authorized the conviction of the defendant, and there was no error in refusing a new trial.

2. In view of the fact that the defendant, by means of cross-examination of a witness for the State, put his character in issue, it was not error to admit the record of the defendant's conviction of the offense of simple larceny in another case. *Henderson* v. *State,* 5 *Ga. App.* 495 (63 S. E. 535). The rule which permits the prosecution to rebut evidence ad-

duced for the purpose of proving the defendant's good character is not affected by the fact that the witness used for the purpose of showing good character was called to the stand by the State. ·

3. The fact that the owner of the property had not consented to its conversion was sufficiently shown by the circumstances under which the property was moved, as well as by the unequivocal testimony of the agent of the owner that he had entire charge of her business and that he had not consented. The jury were authorized to believe the statement of the defendant to the effect that the owner had consented to his converting the property to his own use, but they were not required to believe the statement in preference to the sworn testimony, corroborated as it was by the circumstances of the taking. One can not collect a debt due him by taking the property of another in payment thereof without the owner's consent; nor can an agent appointed to sell, in the absence of express authorization to that effect, be himself the buyer. *MacKenzic* v. *Minis*, 132 *Ga.* 330 (63 S. E. 900, 23 L. R. A. (N. S.) 1003).                    *Judgment affirmed.*

DECIDED JULY 25, 1910.

Indictment for larceny after trust; from Habersham superior court—Judge Kimsey.    June 1, 1910.

*Robert McMillan,* for plaintiff in error.·

*W. A. Charters, solicitor-general,* contra.