22859. DUREN *v.* CLARK.

STEPHENS, J. 1. Where, anent a discussion in open court between counsel for the defendant and the trial judge with reference to obtaining the presence of a witness who was at home sick, the trial judge, after having caused the jury to retire, stated that, a few days before, the witness stated that "he was expecting to be sick when this case was called for trial," yet where it does not appear that this remark had been communicated to the jury, it does not appear to have been prejudicial to the defendant. The fact that after the judge had made this remark the

jury were permitted to disperse overnight, and that it is inferable that the remark of the judge was carried to the jury, is insufficient to establish knowledge on the part of the jury of the judge's remark. It therefore does not appear that the witness, who afterwards testified for the defendant, was by the remark of the trial judge discredited in the minds of the jury, and the defendant's case thereby prejudiced. See, in this connection, *Camp Lumber Co.* v. *Strickland*, 144 *Ga.* 445 (4) (87 S. E. 413), and *Chedel* v. *Mooney*, 158 *Ga.* 297 (4) (123 S. E. 300). This is true notwithstanding the judge was mistaken as to the identity of the person who had made the remark which the judge attributed to the witness.

2. It is no ground for a new trial that a witness who had testified upon the trial would have testified to other facts in contradiction of other testimony, had he not, at the time of the rendition of his testimony, been ill and under the influence of drugs. *Leathers* v. *Kerce*, 147 *Ga.* 443 (94 S. E. 543).

3. Upon the trial of a case for a malicious prosecution, where it was contended by the plaintiff that the defendant had, in a criminal prosecution, maliciously and without probable cause accused the plaintiff of stealing the defendant's hogs, although it appears without dispute that the plaintiff had acquired from the other person the possession of the defendant's hogs, yet where the testimony of the defendant to the effect that he did not authorize the sale of the hogs was contradicted by admissions made by him to the contrary, and where the plaintiff testified that he bought the hogs, with the knowledge and consent of the defendant, the jury were authorized to infer that the prosecution, which had terminated favorably to the plaintiff, had been carried on by the defendant maliciously and without probable cause. The verdict for the plaintiff was authorized.

*Judgment affirmed. Sutton, J., concurs. Jenkins, P. J., absent on account of illness.*

DECIDED SEPTEMBER 5, 1933.

*Hay & Gainey, Hill & McElvey,* for plaintiff in error.
*Hay & Forester,* contra.

