30341.   CAMPBELL *v.* TATUM.

DECIDED APRIL 15, 1944.   REHEARING DENIED MAY 6, 1944.

*Fraser & Irwin,* for plaintiff in error.

*G. Seals Aiken, George T. Manley,* contra.

SUTTON, P. J.   H. Estes Tatum sued Hoke S. Campbell, doing business as White Way Laundry, for damages for an alleged malicious criminal prosecution.   On the trial there was evidence from which the jury was authorized to find that the plaintiff had been employed by the defendant as a route salesman, and operated a truck of the defendant; that it was his duty to pick up articles of clothing and carry them to the defendant's laundry, return them to the owners, and collect the laundry charges from such owners; that he quit his employment with the defendant over certain dif-

ferences between them as to the payment by the plaintiff of claims due to customers served by him whose clothing had been lost or damaged; that after he had secured employment with another laundry, the defendant persuaded him to quit working for that laundry and to return to his former position by telling him that, if he would come back to his former position, everything would be all right, and that he would pay the losses in dispute between them; after the plaintiff had returned to his work with the defendant, the defendant failed to keep his promises in this respect and pay him, and on one Saturday night, the plaintiff drove the defendant's truck to its accustomed parking place and left it there, and secured employment in Savannah, Georgia; that at that time the plaintiff was not indebted to the defendant in any sum whatever, but the defendant owed him about $20 more than the defendant claimed he owed him; the defendant owed him for certain claims he had paid to customers of the laundry for lost or damaged articles, and also for certain tickets which he had turned in to the laundry for work which had been delivered to the customers of the laundry without obtaining payment therefor at the time the work was delivered; that after the plaintiff had gone to Savannah, but before he had communicated his address to his wife, she went to see the defendant with respect to the differences between the plaintiff and the defendant as to the account between them, and when she told the defendant that if her husband owed him anything he would pay it by the week, the defendant replied that "he had rather see him in jail first;" the defendant then caused a warrant to be issued for the arrest of the plaintiff charging him with larceny after trust, after having been advised to do so by his attorney; this warrant was sent to Savannah, the plaintiff was arrested, placed in jail, and kept there for three days, until the officers from Fulton County arrived to carry him back to Atlanta; the defendant advanced the Fulton County officers $20 to use in going to Savannah for the plaintiff; the plaintiff was handcuffed and brought from Savannah to Atlanta in an automobile; on the commitment trial before the magistrate the defendant was present as prosecutor, and there stated: "I had rather put this man in the chain-gang than have any kind of money you can give me," and repeated this statement when the plaintiff was tried in the superior court; the plaintiff was bound over to the grand jury by the magistrate for inves-

tigation, and the grand jury returned an indictment charging him with larceny after trust, the defendant being named on the indictment as prosecutor; on the trial in the superior court, the trial judge, at the conclusion of the testimony, on motion of the solicitor-general, directed the jury to sign a verdict of not guilty. This indictment and all entries thereon were placed in evidence. There was evidence by the defendant and his bookkeeper that at the time the plaintiff left his employment with the defendant, he was indebted to the defendant in the sum of $140; and the defendant also testified that, so far as any amounts were concerned with regard to what the plaintiff owed him, he had no knowledge except by depending on what someone else had said or written; the bookkeeper further testified she was employed by the defendant at the time the plaintiff was tried on the indictment for larceny after trust, and that she came to the court-room, but did not testify; the defendant and his attorney both testified that the warrant against the plaintiff was issued on advice of the attorney. There was other evidence for both sides, which was, in part, conflicting. The jury returned a verdict in favor of the plaintiff for $900, and judgment issued accordingly. The defendant filed a motion for a new trial. Before the motion was passed on, the plaintiff voluntarily wrote $300 off the verdict and judgment. The defendant's motion for a new trial was overruled, and the exception is to that judgment.

The plaintiff in error contends that the evidence demanded a finding that he had probable cause for initiating the warrant and prosecuting the case, and that the verdict against him is contrary to law because it is without evidence to support it. The plaintiff's cause of action is founded on the following provisions of the Code, § 105-801; "A criminal prosecution, maliciously carried on, and without any probable cause, whereby damage ensues to the person prosecuted, shall give him a cause of action." "In an action for damages for an alleged malicious criminal prosecution, the controlling issues are (1) whether the prosecution was carried on maliciously, and (2) whether it was carried on without any probable cause." *O'Berry* v. *Davis,* 31 *Ga. App.* 755 (121 S. E. 857). It is well-settled law that to support an action for malicious prosecution there must be a concurrence of malice and want of probable cause. *Cook* v. *Walker,* 30 *Ga.* 519; *Coleman* v. *Allen,* 79 *Ga.* 637 (5 S. E. 204, 11 Am. St. R. 449); *Davis* v. *Stephens,* 45 *Ga. App.*

227 (5) (164 S. E. 111). Under the facts and circumstances of this case, including the statements made by the defendant, according to the evidence for the plaintiff, the jury was authorized to find that the prosecution was maliciously carried on by the defendant.

We will now consider the question whether or not the evidence was sufficient to authorize the jury to find that the defendant acted without probable cause in prosecuting the plaintiff. "Want of probable cause shall be a question for the jury, under the direction of the court, and shall exist when the circumstances are such as to satisfy a reasonable man that the accuser had no ground for proceeding but his desire to injure the accused." Code, § 105-802. As stated in the Code section, the question of the existence of probable cause is ordinarily one of fact for the jury. *Fox* v. *Davis,* 55 *Ga.* 298; *Anderson* v. *Keller,* 67 *Ga.* 58; *Ventress* v. *Rosser,* 73 *Ga.* 534; *Stewart* v. *Mulligan,* 11 *Ga. App.* 660 (75 S. E. 991); *Thornton* v. *Story,* 24 *Ga. App.* 503 (101 S. E. 309). And the finding of the jury as to questions of fact is conclusive on this court, where supported by evidence. Where the jury was authorized to find from the evidence that the plaintiff had quit working for the defendant one time before the time in question because the defendant had failed and refused to pay him for amounts expended by him to customers in settlement of claims for damaged and lost articles of clothing and laundry, and had returned to his employment with the defendant only when persuaded to do so by promises of the defendant that he would repay him the sums so expended by him, which promises the defendant failed to carry out; and where the jury was authorized to find that the defendant was indebted to the plaintiff at the time the plaintiff left his employment, but nevertheless stated he had rather see the plaintiff in the chain-gang than have any money the plaintiff might owe him, and had told the plaintiff's wife, when she went to see him about the account between the defendant and her husband, that he had rather see the plaintiff in jail first; that the criminal prosecution had terminated in favor of the plaintiff; and that on the trial of the plaintiff in the criminal case in the superior court, the judge, on motion of the solicitor-general, had directed a verdict of not guilty, because there was no evidence to authorize the jury to find the plaintiff guilty of the charge made by the indictment;—these facts and circumstances were sufficient to satisfy the jury as reasonable men that

the defendant had no ground for proceeding against the plaintiff with the criminal prosecution but his desire to injure him, and were sufficient to authorize the jury to find that the prosecution had been carried on by the defendant maliciously and without probable cause. See *Barge* v. *Weems,* 109 *Ga.* 685 (35 S. E. 65); *Hearn* v. *Batchelor,* 47 *Ga. App.* 213 (170 S. E. 203); *Duren* v. *Clark,* 47 *Ga. App.* 429 (170 S. E. 693). The case of *Darnell* v. *Shirley,* 31 *Ga. App.* 764 (122 S. E. 252), cited by the plaintiff in error, is distinguishable on its facts from the present case, for in that case the court found that there was no evidence whatever of any fraudulent conduct or improper motive on the part of the prosecutor, while in the case at bar, there was evidence to support the finding of the jury that the defendant had no ground for proceeding against the plaintiff but a desire to injure him.

The issues of the case were fairly and fully presented to the jury; its verdict in favor of the plaintiff is supported by evidence, and no error of law appears. It follows, therefore, that the court did not err in overruling the defendant's motion for a new trial.

*Judgment affirmed. Parker, J., concurs.*

FELTON, J., dissenting. I am of the opinion that as a matter of law the jury was not authorized to find that the prosecution was instituted without probable cause. There is a sharp conflict in the cases from other jurisdictions as to whether it is a good defense to the charge of larceny after trust that the defendant appropriated the money or property entrusted to him under a bona fide claim of right, based on a claim of title to the money or property or on a claim of indebtedness by the prosecutor to him, whether the claim was well founded or not. There is a similar conflict of authority on the question whether such a bona fide claim is a good defense to the charge of armed robbery. The cases holding that such a claim is a good defense are based on the theory that since the taking was under a claim of right the element of intent to steal is lacking. The Supreme Court of this State in *Moyers* v. *State,* 186 *Ga.* 446 (197 S. E. 846, 116 A. L. R. 981). repudiated such a theory, and decided that a bona fide claim would not justify a violent taking. Such a defense applied to a charge of larceny after trust would apply for the same reason. In fact the Supreme Court in the opinion discussed this very question and cited cases involving the identical question, particularly the case of

*McKenzie* v. *State,* 8 *Ga. App.* 124 (68 S. E. 622). In the *Mc-Kenzie* case the court charged the jury that the defendant "would have no right to be guilty of larceny after trust because" the prosecutor "owed him money." This charge was excepted to, and the court ruled on the exception, stating: "One can not collect a debt due him by taking the property of another in payment thereof without the owner's consent." In *McJenkin* v. *State,* 62 *Ga. App.* 321 (7 S. E. 2d, 812), it was held that if the prosecutor and the defendant had a business transaction in which the defendant openly and in good faith retains money entrusted to him by the prosecutor for a specific purpose, under a claim growing out of the same transaction that the prosecutor owes him more than the sum retained, the defendant is not guilty of larceny after trust. Whether the debt claimed to be due by a defendant arose before or simultaneously with, or after he was entrusted with the money or property appropriated by him might be of vital significance. If there is any conflict between the cited decisions of this court, in the absence of a specific ruling by the Supreme Court on the question, the older will govern until overruled. In the case at bar the indebtedness claimed to be due by the plaintiff arose before he was intrusted with the money he was charged with misappropriating. He was fully aware of the debt when he accepted the trust. His duty was to collect money on the laundry tickets from customers and deliver it to the prosecutor. He admitted that such money so collected belonged to the prosecutor. Under the ruling in the *Mc-Kenzie* case, supra, there was probable cause for the prosecution under the circumstances pretermitting the question as to whether, if this case were not the law, the taking was so openly and avowedly done as to be the basis of a defense. I think a new trial should have been granted.