## 66272. STARLING v. THE STATE.

SHULMAN, Chief Judge.

Appellant was convicted of criminal attempt to commit burglary and possession of tools for the commission of a crime. His appeal centers on the assertion that the trial court erred by admitting into evidence certified copies of appellant's prior convictions and sentences for aggravated assault and aggravated sodomy after appellant's character had allegedly been put in issue.

At trial, appellant's counsel elicited testimony from a witness for the state that revealed appellant was on parole from a previous sentence. Appellant's counsel moved to have the answer stricken from the record, but the trial judge denied the motion, ruling that the answer was responsive to the question. He later ruled that this response had the effect of placing appellant's character in issue and that the state could thereafter "introduce legal evidence concerning the character of the defendant . . ." Prior to resting its case, the state submitted certified copies of prior convictions and sentences for aggravated assault and aggravated sodomy, which were admitted into evidence over objection.

Appellant contends that since only evidence of his *bad* character was elicited by his attorney at trial, the state was not authorized to enter additional evidence of his bad character. In addition to appellant's contention, a second distinction in conjunction with the

bad and good character dichotomy must be addressed. This is the fact that the testimony in question was not elicited from appellant but was educed from a state witness upon cross-examination. This would not be a relevant distinction if appellant's complaint concerned the actual response given by the state's witness. See *Rozier v. State,* 126 Ga. App. 336 (1) (190 SE2d 627). In the case at bar, however, appellant only objects to the subsequent admission of the certified copies of his prior convictions, asserting that his character had not been put in issue. We agree with appellant's contention.

There is authority to support the argument that evidence of *good* character elicited from a state witness upon cross-examination effectively puts the character of the defendant in issue. *Flannagan v. State,* 22 Ga. App. 620 (1) (97 SE 82); *McKenzie v. State,* 8 Ga. App. 124 (2) (68 SE 622). Additionally, authority exists to support the proposition that evidence of *bad* character elicited from the *defendant* opens the "character door," at least for the purpose of explaining or impeaching his testimony. *Brown v. State,* 242 Ga. 602 (3) (250 SE2d 491); *O'Neal v. State,* 239 Ga. 532 (2) (238 SE2d 73); *Mitchell v. State,* 158 Ga. App. 628 (2) (281 SE2d 260). But see *Burke v. State,* 159 Ga. App. 26 (282 SE2d 682), and *Carroll v. State,* 143 Ga. App. 796 (2b) (240 SE2d 197). See also *McDaniel v. State,* 248 Ga. 494 (3) (283 SE2d 862). However, no case can be found in Georgia to support the state's view that evidence of *bad* character elicited by the defendant from a *state witness* on cross-examination has the effect of putting the defendant's character in issue.

We agree with Justice Hawkins, who wrote in *Bacon v. State,* 209 Ga. 261, 262 (71 SE2d 615): "It is a fundamental principle in our system of jurisprudence, intended to protect the individual who is charged with crime, and to insure him of a fair and impartial trial before an unbiased jury, that the general character of the defendant and his conduct in other transactions is irrelevant unless the defendant chooses to put his character in issue."

We hold that the fundamental principle embraced above may not be contravened in such an indirect manner as was done in the present case. Undue prejudice to appellant was unavoidable; the conviction is therefore reversed and a new trial ordered. Since the other errors enumerated by appellant are not likely to occur upon retrial, we need not consider them at this time.

*Judgment reversed. Quillian, P. J., Birdsong, Carley, Sognier and Pope, JJ., concur. Deen, P. J., McMurray, P. J., and Banke, J., dissent.*

DECIDED OCTOBER 4, 1983 —
REHEARING DENIED NOVEMBER 1, 1983 —

*Ronnie A. Wheeler,* for appellant.
*Gary C. Christy, District Attorney, Richard E. Thomas, J. Anderson Harp, Assistant District Attorneys,* for appellee.

McMURRAY, Presiding Judge, dissenting.

The majority reverses this criminal case on the theory the defendant was unduly prejudiced when the state placed in evidence certified copies of his conviction of the other crimes as a result of his own counsel opening the character door in the cross-examination of a state witness (the accomplice in this instance), in attempting to impeach him with reference to his testimony against this defendant. The accomplice had told conflicting stories and did not implicate this defendant as being involved in the beginning. On direct examination by the district attorney he was asked why he did not tell the investigator that this defendant was involved at first. His answer was, "I didn't want to get [him] in trouble." On cross-examination counsel for defendant proceeded to pursue the question of why he didn't want to get this defendant in trouble and asked the witness why he wanted to protect this defendant, to which he answered, "well, you know as well as I do he is on parole. If he goes up it is going to be for quite sometime." Defense counsel immediately moved to strike this from the record as being nonresponsive to his question, but of course, it was in direct response to the question. The state maintained that counsel for defendant had elicited from this witness a response to a question that placed the character of the defendant in issue. The trial court agreed and held that the state might thereafter introduce legal evidence concerning the character of the defendant which the state proceeded to do. The majority is of the opinion that while this "opened the character door" at least for the purpose of explaining or impeaching his testimony, it did not do so to allow all evidence as to character. To this I cannot agree.

In *Flannagan v. State,* 22 Ga. App. 620 (1) (97 SE 82), this court held that where the defendant on cross-examination of a state witness puts in evidence as to the general character of the defendant this opened the door for other witnesses to testify as to the general reputation of the defendant, that is, whether it is good or bad. It is true that counsel was not attempting to elicit any testimony that the defendant was a person of good character. But in pursuing the issue as to why he refused to implicate this defendant originally, the witness testified positively because he knew the defendant was on parole. In doing so, counsel "opened the character door."

In my view, once the defendant has by means of cross-examination of a witness put his character in issue, as was the case here, it was not error to admit the record of the defendant's convictions of other offenses. See *McKenzie v. State,* 8 Ga. App. 124 (2) (68 SE 622); *Henderson v. State,* 5 Ga. App. 495 (63 SE 535). I cannot agree that defense counsel should be allowed to cross-examine the witness and not take the consequences when he opens the "character door."

I, therefore, respectfully dissent as I would affirm the conviction in the case sub judice.

I am authorized to state that Presiding Judge Deen and Judge Banke join in this dissent.