LEITNER & BROTHER v. STRICKLAND.

1. In an action of trover for the recovery of timber and logs, a description in the declaration in the following terms is sufficiently certain: "That hewn timber and those round logs which were cut from the land of petitioner and from the land of A. D. Cone by one B. J. Reese, and were by said Reese left and deposited in the waters of the great Ogeechee river at a point not far from the bridge of the Macon & Atlantic railroad, and being that timber and logs referred to in the contract between petitioner and said Reese, dated on the 15th day of April, 1891, and recorded in book L, folio 169, in the office of the clerk of the superior court of Bulloch county, said State, July 7, 1891, to which logs and timber petitioner claims title."

2. The court committed no error in any of the rulings complained of.                                          *Judgment affirmed.*

May 25, 1892.

Trover. Description of property. Before Judge FALLIGANT. Effingham superior court. November term, 1891.

Strickland filed his petition alleging that C. K. Leitner and C. M. Leitner, partners composing the firm of C. K. Leitner & Brother, and doing business as said firm in that county, were in possession of certain hewn timber and round logs, for his description of which see the head-note. He further alleged that said firm and its members refused to deliver the timber and logs to him, or to pay him the value or the profits thereof (the amounts being alleged). Attached to the declaration was an affadavit to hold to bail. A demurrer was interposed by defendants, and after argument the court allowed plaintiff to amend his petition by alleging the residence of the defendants, and overruled the demurrer. Defendants excepted to the allowance of the amendment and the overruling of the demurrer. They also moved to dismiss the bail-process and to discharge them and their surety upon the bail-bond, which motion was overruled, and to this ruling also they excepted. The grounds of demurrer and motion to dismiss were: (1) It did not appear from the petition that the court had jurisdiction of defendants, the petition not alleging that defendants, or either of them, resided in Effingham county; (2) it did not appear from the petition that plaintiff had any cause of action against the defendants; (3) the petition did not set out plaintiff's cause of action, if any he had, fully, plainly and distinctly; (4) the description given in the petition of the personal property sued for, was insufficient to identify it or distinguish it from any other property of its kind; (5) there was no copy of the contract referred to in the petition as having been made between plaintiff and Reese, attached to or set out therein; (6) there was no authority of law for the sheriff of the county to arrest the defendants or exact any bond of them, and defendants entered into the bond solely because the only alternative presented them by the plaintiff and the sheriff was continued imprisonment in the

county jail, in which, under pretence of this void process, defendant C. M. Leitner was actually incarcerated before the execution of the bond.—Only the 4th ground was insisted upon in the brief of counsel for the plaintiffs in error.

A. C. WRIGHT, for plaintiffs in error.

J. G. & D. H. CLARK, *contra.*