### 3541.  CROWDER v. THE STATE. ·

RUSSELL, J.  There was no evidence that the killing of the hog was malicious.  The only evidence from which it was contended malice could be inferred was that the accused did not have a fence at least four and a half feet high around his crop, to prevent the destruction of which the animal was killed.  In stock-law counties land lines supply the place of the statutory fence.

*Judgment reversed.*

DECIDED JANUARY 15, 1912.

Accusation of malicious mischief; from city court of Sandersville—Judge Jordan.  May 19, 1911.

*W. E. Armistead,* for plaintiff in error.
*J. E. Hyman, solicitor,* contra.

---

### 3548.  EDENFIELD v. COLEMAN & FLANDERS.

HILL, C. J.  In a note given for the purchase-money of two mules the following guaranty was inserted:  " It is expressly understood that *after* said delivery the said Coleman & Flanders do not warrant the health, soundness, or life of said mules, but only the title thereto, and in case of death thereof or loss in any way, I agree to sustain the loss and to pay said note."  In a suit on this note a plea alleging in effect that at the time of the sale and when the mules were delivered they were afflicted with an incurable disease, the character of which was not known to the defendant but was known to plaintiff, and from which disease the mules in question died in a few days after the sale, set forth a good defense, and was not in conflict with the well-established rule that parol testimony can not be received to vary the terms of a written contract.  *Pryor* v. *Ludden,* 134 *Ga.* 288 (67 S. E. 654).  The above guaranty protected the guarantor from any unsoundness or disease and death which might arise or occur *after* the sale was made and after delivery of the mules to the purchaser.  It is not broad enough to protect the guarantor from any latent disease or unsoundness which existed prior to and at the time of the sale and the existence of which was known to the seller and unknown to the purchaser.

*Judgment reversed.*

DECIDED JANUARY 15, 1912.

Complaint; from city court of Swainsboro—Judge H. R. Daniel.  May 25, 1911.

*Saffold & Larsen,* for plaintiff in error.
*Williams & Bradley,* contra.