## 6388. AMOS *v.* THE STATE.

1. The court did not err in the admission of testimony, for any reason contained in the assignments of error. The statements alleged to have been made by the deceased were prima facie admissible as a part of the res gestæ; and the remarks attributed to a witness shown to have been present, either at the time or very shortly after the homicide, were admissible not only for that reason, but also because there was evidence that the statement of this bystander was made in the hearing of the defendant. None of the exceptions based upon the court's rulings upon the admissibility of evidence are sufficiently meritorious to warrant a new trial.

2. The rule forbidding the court to express or intimate to the jury any opinion upon the evidence was not violated by the trial judge in using the following language, in ruling upon the admissibility of certain testimony and in admitting it as a part of the res gestæ: "The law does not lay down any specific rule as to what length of time shall intervene. Of course, unless it is part of the res gestæ, that would not be relevant. This witness says, in his opinion, no more than five minutes had elapsed; under the evidence I will admit what he says."

3. The evidence that the deceased had separated from his wife, and thereafter had broken up her personal property with an axe, if credible, might tend to support testimony to the effect that they were not upon friendly terms, and illustrate the quo animo with which he was searching for her; and for that reason the testimony referred to in the 4th ground of the motion for a new trial should not have been excluded. This is especially true since the court presented the contention of the State upon this point,—to the effect that the purpose of the deceased in going to the house where he was killed was to induce his wife to come back to him.

4. The evidence in behalf of the State authorized conviction of the offense of murder, while the testimony in behalf of the accused, as well as his statement, if credible, would have required an acquittal; and for this reason the court erred in giving in charge the instructions relative to the law of voluntary manslaughter, of which complaint is made.

5. For the reason stated in the preceding headnote, the court erred in overruling the defendant's motion for a new trial.

Decided May 16, 1914.

Conviction of manslaughter; from Morgan superior court—Judge James B. Park. October 12, 1913.

*Williford & Lambert,* for plaintiff in error.

*Joseph E. Pottle, solicitor-general,* contra.

Russell, C. J. The defendant was tried upon an indictment charging the offense of murder, and was convicted of voluntary manslaughter. He excepts to the judgment refusing a new trial.

1-3. The rulings in the first three headnotes are sufficiently full to obviate the necessity for elaboration.

4. Upon the evidence adduced there was one and only one distinct issue,—that of guilty or not guilty of the offense of murder, as charged in the indictment. According to the testimony for the State, the deceased, for the purpose of inducing his wife to return to his home, had gone to a house where he suspected she was concealed, and where, according to her own testimony as it developed upon the trial, she was concealed in a wardrobe, and the defendant killed him without provocation; the only motive actuating the defendant, as suggested by the State's testimony, being perhaps a criminal intimacy between the defendant and the wife of the de-

ceased. According to the testimony introduced by the defendant, as well as his own statement, the deceased attempted to shoot him with a pistol, after a threat to kill him. According to this testimony the killing was demanded by necessity, or certainly would have been justified under the fears of a reasonable man. There was no evidence of passion, or of a mutual intent to fight, or that the defendant was actuated only by fears that an injury less than a felony would be perpetrated upon him at the time of the killing. For this reason, under the ruling in *Howard* v. *State,* 2 *Ga. App.* 830 (59 S. E. 89), and numerous other rulings, the court erred in charging upon the subject of voluntary manslaughter.

*Judgment reversed. Roan, J., absent.*