## 18885. STIPE *v.* WILLINGHAM.

DECIDED JUNE 12, 1928.

*M. Kunz, M. Felton Hatcher,* for plaintiff in error.
*Duncan & Nunn,* contra.

LUKE, J. C. B. Willingham brought an action in trover and bail against H. N. Stipe and T. M. Sizemore, and procured a verdict against Stipe alone for $137.95. The court overruled Stipe's motion for a new trial, based upon the general grounds and upon other grounds herein indicated, and he excepted.

The main question presented by the record arises out of a dispute as to whether or not all, or any, or only a portion of certain trees alleged to have been cut by Sizemore, was located on the land of Willingham or on the adjoining land of Stipe; it appearing that Stipe sold some timber to Sizemore, and that the latter cut and carried away some timber from a location near the dividing line of the land of Willingham and Stipe.

1. A careful reading of the record satisfied us that the evidence supports the verdict, and that the court did not err in overruling the general grounds of the motion for a new trial.

2. The trover action is in the usual form, and clearly the general demurrer to the petition is without merit.

3. It is insisted by demurrer that the logs sought to be recovered were not described in the petition with sufficient particularity and definiteness. The description follows: "Two hundred and eleven logs of hardwood timber containing 34,489 feet of timber. Said logs being cut and removed by the said H. N. Stipe and T. M. Sizemore from lots of land Nos. 4 and 39 in the 12th dist. of Houston county, Georgia, during the months of December, 1926, and January, 1927. The land from which said logs were cut and removed being the property of petitioner at the time same were cut and removed, and being a part of the land formerly known as the ' Bivin's Place,' and now owned by petitioner." We are of the opinion that the description is sufficient to withstand the demurrer. See, in this connection, *Leitner* v. *Strickland,* 89 *Ga.* 363 (15 S. E. 469), which reads as follows: "In an action of trover for the recovery of timber and logs, a description in the declaration in the following terms is sufficiently certain: 'That hewn timber and those round logs which were cut from the land of petitioner and from the land of A. D. Cone by one B. J. Reese, and were by said Reese left and deposited in the waters of the great Ogeechee river at a point not far from the bridge of the Macon & Atlantic Railroad, and being that timber and logs referred to in the contract between petitioner and said Reese, dated on the 15th day of April, 1891, and recorded in Book L, folio 169, in the office of the clerk of the superior court of Bulloch county, said State, July 7, 1891, to which logs and timber petitioner claims title.' ". See also *Pepper* v. *James,* 7 *Ga. App.* 518 (67 S. E. 218) ; *Redd* v. *Lathem,* 28 *Ga. App.* 64 (110 S. E. 322).

4. The excerpt from the charge of the court set out in ground 4 of the motion for a new trial undertakes to state the conditions under which a recovery might be had. This excerpt is not erroneous for the reason that the evidence did not justify the charge, or because it failed to show that "the logs were in the possession of Stipe," or because it failed to show that "the logs were in possession of defendants at the time suit was instituted." The insistence that the court failed to charge here, or elsewhere, the contentions of plaintiff in error is without merit.

5. Error is alleged in the following excerpt from the charge of the court: "Now you will find out in this case whether or not the defendants were in possession of the logs that they are alleged to have been in possession of. I charge you that if they handled the logs, if they took them off the land, if they were both instrumental in possessing the logs, and took them from the land of Mr. Willingham, they are liable." The criticism that the language of the court here was "too broad," in that the jury were instructed that "any possession of the logs" would make defendants liable, is of no force when the charge is considered as a whole. The charge clearly indicates that the logs alleged to have been taken off of plaintiff's land were referred to. Nor did the excerpt deprive either of the defendants of the force of any testimony introduced by them.

6. It is alleged that the court erred in charging that if Stipe authorized Sizemore to cut and remove the logs for a consideration, Stipe would be liable to the true owner of the logs for damages, for the reason that the charge deprived the defendant of the right of having the jury consider "the amount of the timber," and limited the jury to a consideration of only plaintiff's side of the case. This ground is not meritorious.

7. It is insisted that the court erred in instructing the jury that if Stipe did not authorize Sizemore to take the logs, and had nothing to do with the handling or removing of them, and received no compensation from them, he would not be liable. The contentions that this charge prevented the jury from considering whether or not only a portion of the logs were taken, and that the court should have told the jury that if they found only a portion of the logs were taken by Stipe, a recovery could be had only for the logs taken, are without merit. If fuller instructions were desired, they should have been requested.

8.   In ground 8 this excerpt is criticised:  "If you find in favor of plaintiff that these defendants took possession of the timber and converted it into logs, and used the logs, or made way with them, or failed to produce them upon demand, why then you would find out what the logs were worth.   The rule is that the plaintiff is entitled to recover the highest proven value as shown to have been from the evidence."   Error is alleged here because the trial judge failed to submit to the jury the issue as to the number of logs taken by the defendants, or cut by the defendant, "and whether cut by others, from the land of the plaintiff, which issue was a material one upon which defendants were entitled to have the jury instructed."   This exception points out no reversible error.   If more detailed instructions were desired, they should have been requested.

9.   Special exception 9 is to the charge that if the land line had been fixed between the land of Stipe and that of Willingham by a judgment of court, that would be the true line, and that the logs belonged to the owner of the land from which they came.   This excerpt was not erroneous for the alleged reason that there was an issue as to where the logs came from and who cut them.

10.   The following excerpt from the charge of the court is complained of:  "These are the points of law involved in this case.   You believe such witness, or witnesses, as you think best entitled to belief where there is an issue of fact, and you find out from an honest consideration of the evidence the truth of the case, and whether or not the plaintiff is entitled to recover, whether the logs were his, and what those logs were worth, and what was the proper measurement of those logs.   You have evidence before you as to that proposition, and that is a matter entirely for the jury."   The criticisms in this ground are:   (a) The contentions were not charged negatively and affirmatively;  (b) the charge unduly emphasized the plaintiff's side of the case and prevented a fair consideration by the jury of the defenses arising under the evidence;  (c) the charge entirely left out the contentions of the defendants;  (d) the court intimated and expressed an opinion as to what had been proved.   The court expressed no opinion as to what had been proved, and the other criticisms are without merit.   If fuller instructions as to the issues were desired, they should have been requested.

11.   The next exception is to this excerpt from the charge:  "If

you believe the plaintiff is not entitled to recover in this case, because you do not think the case is made out by a preponderance of evidence, the form of your verdict would be, 'We, the jury, find in favor of the defendants.' " It is contended that this charge denied the defendant the right to have the jury consider the defenses presented by the evidence, and amounted to "declaring a verdict for plaintiff." This exception presents no reversible error, especially in the light of the fact that there was no request to charge made during the trial of the case.

The last exception is to the entire charge, on the grounds that it nowhere presented to the jury "any defense urged and proved by the defendant;" that it intimated to the jury the court's belief in the plaintiff's right to recover; that it was argumentative, and impressed upon the jury too strongly the contentions of the plaintiff, "with no corresponding charge upon the points and contentions insisted upon by the defendant." This exception shows no reversible error.

Since the burden of most of the exceptions is that the court failed to charge properly the contentions of the parties, it may not be amiss to say that, this being a trover action and the pleadings being in the usual form, the various issues referred to were not presented by the pleading. Furthermore, the charge when considered as a whole is quite different from the charge when cut up into pieces and criticised piece by piece. The following ruling in the case of McLean v. Mann, 148 Ga. 114 (2) (95 S. E. 985), is pertinent: "Where in a civil case the judge, in stating the contentions of the parties, fully and fairly submitted the issues raised by the pleadings in the case, the failure of the court, in the absence of a request, to instruct the jury upon a contention of one of the parties not raised by the pleadings, although supported by some evidence in the record, is not cause for a new trial. Martin v. Nichols, 127 Ga. 705 (56 S. E. 995); Cordele Sash Co. v. Wilson Lumber Co., 129 Ga. 290 (2) (58 S. E. 860); Hewett v. Lamb, 130 Ga. 709 (2) (61 S. E. 716, 14 Ann. Cas. 800)." See also Jackson v. Butts, 148 Ga. 312 (96 S. E. 630).

For no reason assigned did the court commit reversible error, and the judgment overruling the motion for a new trial will not be disturbed.

Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.