25991.   COBB *et al.* v. ATTAWAY.

STEPHENS, P. J. 1. A provision in a contract for sale of personal property such as a mule, that it is expressly understood between the parties that the seller "does not warrant the health, life, and soundness" of the property sold, but warrants only the title thereto, does not preclude the purchaser from rescinding the contract on the ground of actual fraud which induced the execution of the contract, which consisted in

false and fraudulent representations by the seller respecting the health and soundness of the property sold. *Edenfield* v. *Coleman*, 10 *Ga. App.* 355 (73 S. E. 416); *Mixell Live-Stock Co.* v. *Banks*, 10 *Ga. App.* 362 (73 S. E. 410); *Barfield* v. *Farkas*, 40 *Ga. App.* 559 (150 S. E. 600).

2. On the trial of a suit to recover on a note given for the purchase-price of a mule, where the note contained a provision that it is expressly understood that the seller "does not warrant the health, life, and soundness" of the property sold, but warrants only the title thereto, a plea that the defendant was not indebted to the plaintiff, because the contract for the sale of the mules and the execution of the note in payment therefor were void, because induced by the fraud of the plaintiff in falsely and knowingly representing to the defendant that the mules were suitable for farm purposes, and that they were not over ten or twelve years of age, when in fact, within the knowledge of the plaintiff, the mules were totally worthless and unsuited for the purposes intended, were broken down, and about twenty years of age, and one of them was known as a "wind-broken" mule, that the mules were not worth more than $5 each, that none of these facts were known to the defendant when he purchased the mules, that the plaintiff was an experienced stock dealer and the defendant knew nothing of the quality of mules, and that when she discovered these facts the defendant tendered the mules back to the plaintiff, who refused to receive them, set out a legal defense to the note on the ground of fraud. It does not appear as a matter of law that the defendant could have discovered the fraud by the exercise of ordinary care. The court erred in striking the plea, and in rendering judgment for the plaintiff.

*Judgment reversed. Sutton and Felton, JJ., concur.*

DECIDED MARCH 6, 1937.

*Adams & Nelson,* for plaintiffs in error.
*Burch & Daley, Lester F. Watson, R. I. Stephens,* contra.