28787. SMITH *et al.* v. DAVIS *et al.*

DECIDED FEBRUARY 8, 1941.

*Hubert F. Rawls,* for plaintiffs in error.
*Eldon L. Bowen,* contra.

FELTON, J. A. E. Davis and Allen Walker foreclosed a conditional-sale contract as a mortgage against J. Q. Smith and J. Q. Smith Jr. in the superior court of Brantley County. The defendants filed an affidavit of illegality on the ground that the sale was procured by fraud in that the sellers of the mule fraudulently represented that the mule was suitable for the purposes for which it was being bought, namely, plowing and use on a farm, and that the consideration wholly failed. After the introduction of evidence the court directed a verdict for the plaintiffs and the defendants excepted.

The contract foreclosed, in part, provides as follows: "Said property is sold and delivered upon the express condition that the title hereto is to remain in the vendor until the purchase-price thereof is paid in full. If said property be hereafter lost, damaged, or in any wise destroyed, the vendee shall in no event be entitled to a rescission of the contract or to an abatement in the price, but the loss shall fall upon the vendee. Said vendor makes no warranties (express or implied) as to said property, except that it has title to the same, and all prior negotiations and representations in regard thereto and [are] hereby merged into this contract in writing, which sets forth in full the final agreement between the parties. The vendee waives all defenses as to failure of consideration, unless notice in writing is given by him to the vendor within five days from the date the same is discovered by him, detailing all defects in or complaints of said property. In no event shall the vendee be entitled to make any complaint concerning said property after he shall have been in possession thereof thirty days. A retention of the property by him after thirty days from this date shall constitute a trial and acceptance, and be deemed a conclusive admission by him of the truth of all representations made by or in behalf of the vendor at the time of or prior to said sale. Should the vendee sell or otherwise dispose of any of said property before the maturity of any note given for its purchase-price, then and in that event, such note shall become immediately due and collectible by a foreclosure of this instrument or otherwise." The provision in the contract to the effect that all prior negotiations and representations in regard to the property are hereby merged into the contract, and that the contract sets forth the full and final agreement between the parties, is but a statement of what the law is, and is not a contract that no representations induced the signing of the contract. The provision of the contract against implied or express warranties, and the later expression of conditions upon which the buyers might take advantage of a failure of consideration, render the contract ambiguous and must be construed in favor of those persons in whose favor the law applies the implied warranty that the property shall be suitable for the purposes intended, as such a defense is set up in this case and authorized by the evidence if believed by a jury. The evidence authorized a finding that the buyers were induced to sign the contract by the representation that

the mule was suitable for plowing and farm work, that the representation was false, and that the buyers were injured thereby. The mule was tendered back to the sellers within the five days provided for, and the jury were authorized to find that the sellers waived the written notice of the defects in the mule by promising to make an adjustment which they did not make, and also waived the provision that retention of the mule for thirty days would constitute acceptance and be deemed to be a conclusive admission as to the truth of all representations. *Cobb* v. *Attaway,* 55 *Ga. App.* 423 (190 S. E. 201). The issues in the case should have been submitted to a jury. The court erred in directing a verdict for the plaintiffs.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*