34819.   HEAD *v.* POLLARD LUMBER SALES, INC.

DECIDED SEPTEMBER 19, 1953.

758

*Brannon & Brannon,* for plaintiff in error.

*I. O. Perry,* contra.

TOWNSEND, J. ■ It was held in *Crews* v. *Roberson,* 62 *Ga. App.* 855 (1, 2) (10 S. E. 2d 114) that a trover action in the statutory or short form (as set out in Ga. L. 1847, p. 203, sec. 2) is sufficient as against general demurrer; and that, as to description of the property, while an article described as "one horse" would be insufficient, an article described as "one horse bought from a named person" would be sufficient, as would a description reading "about 650 sticks of flue-cured tobacco, same being in weight 800 pounds of cured tobacco of the value of $240, said described tobacco being part of the same that was planted, grown, gathered, and cured by W. L. Crews as a sharecropper of I. J. Roberson on said I. J. Roberson's farm in Wayne County,

Georgia, during the year 1939." In *Stipe* v. *Willingham*, 38 *Ga. App.* 244 (143 S. E. 614), the following was held sufficient: "211 logs of hardwood timber containing 34,489 feet of timber. Said logs being cut and removed by the said H. N. Stipe and T. M. Sizemore from lots of land nos. 4 and 39 in the 12th dist. of Houston County, Georgia, during the months of December, 1926, and January, 1927." See also *Leitner* v. *Strickland*, 89 *Ga.* 363 (15 S. E. 469); *Harper* v. *Richards*, 120 *Ga.* 379 (47 S. E. 899). The description of the property here in the petition as amended was sufficient, and the petition itself, being in statutory form, was not otherwise demurrable. The demurrers were properly overruled.

■ Special ground 1 assigns error on certain statements of the court in a colloquy with counsel for the plaintiff in regard to an amendment which the court allowed the plaintiff to prepare during the trial of the case and before the jury was charged, on the ground that the remarks constituted an expression of opinion by the court as to which party should prevail, in violation of Code § 81-1104. No objection to the questions and remarks, and no motion for a mistrial, were made at the time of their occurrence. It is well settled that statements by the court not made during the charge to the jury must be the subject of timely exception in order to be reviewable, as the complaining party cannot remain silent and take his chances on a verdict in his favor without waiving his right to complain in the event the verdict is adverse. *Royal Crown Bottling Co.* v. *Stiles*, 82 *Ga. App.* 254 (3) (60 S. E. 2d 815); *Moore* v. *McAfee*, 151 *Ga.* 270 (11) (106 S. E. 274); *Daniel* v. *Etheredge*, 198 *Ga.* 191 (15) (31 S. E. 2d 181). This aessignment of error is without merit.

■ R. W. Pollard, general manager of the plaintiff corporation, testified on direct examination as follows: "On the 9th day of July, 1952, I bought from Fred O'Kelley a plot of standing timber and paid him $4,250. This is the contract concerning the timber and the description of the land. This is the canceled check I paid for the timber. I have title to and own the property involved in this litigation—I mean the timber and lumber involved in this." The contract of sale was tendered in evidence without objection, but error is assigned on the sentence last above quoted on the ground that the plaintiff's statement

that hè owned the property involved was a conclusion of law. This objection is without merit. Where written evidence of title to personal property is available, and is not produced, it is error to prove title to such property by parol evidence over the objection that the document is itself the best evidence of title. *Peacock* v. *Savannah Woodenware Co.*, 18 *Ga. App.* 127 (2) (88 S. E. 906). The mere statement of the witness here, in identifying the contract of sale, that he owned the timber, even if subject to proper objection, was not harmful in this case to the plaintiff in error.

■ Special grounds 3 and 4 except to the testimony of the same witness, that "I had my hauler, Mr. Harold Peck, haul that lumber from the sawmill to my yard because I wanted to be sure I got it," and to the question, "Just tell why you sent him [Peck] up there?" The fact that Peck was chosen by the plaintiff to haul the lumber from the defendant's premises and was instructed to watch the lumber pile in order to see that the plaintiff received all of it was relevant, in explanation of Peck's testimony that each time he hauled a load away he estimated the remaining lumber and noted its location, since it was primarily on Peck's testimony concerning the removal of 6,000 board feet of pine and poplar upon which the plaintiff relied for a recovery. The admission of this testimony is not error for any reason assigned.

■ Under conflicting evidence, the jury was authorized to find: (1) that title to all the timber in the tract purchased remained in the plaintiff; (2) that under the agreement between the parties, all lumber was to be delivered to the plaintiff, and the plaintiff was then to pay the defendant the amount representing the latter's profit on the transaction; (3) that some 6,000 feet of lumber were not delivered to the plaintiff, but were sold elsewhere; and (4) that this amount of lumber was owing by the defendant to the plaintiff before the defendant could begin to realize his own profit on the transaction. Accordingly, the verdict was authorized by the evidence, and the general grounds of the amended motion for new trial are without merit.

The trial court did not err in denying the motion for new trial as amended.

*Judgment affirmed.   Gardner, P. J., and Carlisle, J., concur.*