## 43930. HARRIS v. THE STATE.

FELTON, Chief Judge. 1. Although the judgment overruling the general grounds of the motion for a new trial is enumerated as error in this appeal, this issue was not argued, either orally or by brief, and consequently must be treated as abandoned. *Underwood v. Ranger Mfg. Co.*, 116 Ga. App. 803 (159 SE2d 144), and cases cited. Hence, the judgment overruling the general grounds constitutes the law of the case that the verdict was supported by the evidence.

2. Enumerations of error 2, 3, 4, 5, 6, 7 and 8, pertaining to the admission of various testimony and evidence relating to other transactions, are not meritorious. The objections to said evidence ("I don't think that has anything to do with this trial") were too general. *Lanier v. Lee*, 111 Ga. App. 876 (1) (143 SE2d 487), and cit.

3. Enumerated errors 9 and 10 are without merit. The court made the following comments in the presence of the jury: "Mr. Harris, the rule is that the evidence of other crimes generally is not admissible, but where it shows a course of conduct, a scheme, it is admissible for that purpose only. Of course, I'll instruct the jury to that effect. Ladies and gentlemen of the jury, I would like to instruct you at this time that ordinarily evidence of other crimes of similar nature is not admissible in evidence. You are not to consider this as affecting the defendant's character or even consider any other crimes, except to show a course of conduct or a scheme, for that purpose only, we will let him question this witness." In view of the fact that the evidence of other transactions was not properly objected to, the above instructions were harmless.

The above were correct statements of the law under the circumstances. *Moore v. State,* 221 Ga. 636 (1) (146 SE2d 895); *Lyles v. State,* 215 Ga. 229, 232 (2) (109 SE2d 785); *Hodges v. State,* 85 Ga. App. 617, 625 (70 SE2d 48), and cit. Although defendant's objections to the court's charge and comments to the jury (which were the basis of enumerated errors 9, 10, 11 and 12) were not timely under the then-existing law (*Code Ann.* § 70-207 (a); Ga. L. 1965, pp. 18, 31; Ga. L. 1966, pp. 493, 498), they were timely under the law as subsequently amended by Ga. L. 1968, pp. 1072, 1078, Sec. 17 (a) (which exempted criminal cases from these provisions), which latter law must govern in the case. *Hill v. Willis,* 224 Ga. 263, 264 (1) (161 SE2d 281).

4. The court made the following comment, alleged to be improper in enumerated error 11, upon the evidence, during a colloquy between him and the defendant (acting as his own counsel) in the presence of the jury: "I believe he [referring to Mr. O. C. Langford, Jr.] testified that his records show that no one else was authorized but him to sign. He [Langford] merely stated that he had no record of second card." This was merely a determination of what had been proven, which was necessary so as to decide on its admissibility and whether certain other things might be proven. See *Scarborough v. State,* 46 Ga. 26, 33; *Amos v. State,* 14 Ga. App. 589, 590 (2) (81 SE 903); *Sanders v. State,* 66 Ga. App. 128 (17 SE2d 251); *Oglesby v. State,* 73 Ga. App. 703, 705-707

(37 SE2d 837) ; *Head v. Pollard Lumber Sales, Inc.*, 88 Ga. App. 757 (2) (77 SE2d 827).

5. Enumerated error 12 complains of the following allegedly improper comment by the court upon the defendant's unsworn statement: "I charge you that the defendant is allowed to make to the court and jury upon the trial of the case just such statement in his own behalf as he sees fit. This statement is not under oath and is not subject to cross examination, and you are authorized to give it such weight and credit only as you think it is entitled to receive. You may believe it in part or reject it in part, you may believe it as a whole or reject it in part, you may believe it as a whole or reject it as a whole. You may believe it in preference to the sworn testimony in the case." The above was a correct principle of law, as found in *Code Ann.* § 38-415 (Ga. L. 1868, p. 24, as amended by Ga. L. 1962, pp. 133, 134), including the portion to the effect that the unsworn statement was to have "such force *only* as the jury may think right to give it." (Emphasis supplied.) Such a charge has been approved by the courts subsequently to the 1962 amendment of *Code* § 38-415, supra. See *Waldrop v. State*, 221 Ga. 319, 323 (7) (144 SE2d 372) ; *Huff v. State*, 113 Ga. App. 257, 264 (4) (147 SE2d 840).

6. Enumerated error 13 is the denial of a motion for continuance "so that the defendant might be represented in court by an attorney who had had sufficient time to become informed about the facts of the case so that he might adequately represent the defendant." Said enumeration does not indicate where, if anywhere, in the record such motion appears. The only apparent motions for continuance in the record are for continuance of the hearing on the motion for new trial because the transcript of evidence had not yet been completed. In the absence of the alleged motion in the record, it is impossible to rule thereon. The record shows that the trial court appointed counsel for the defendant, that the defendant had dismissed said counsel and requested to represent himself, and that defendant was advised of his rights prior to trial. This enumeration is without merit.

The court did not err in rendering judgment on the verdict.

*Judgment of affirmance is adhered to on rehearing. Eberhardt and Whitman, JJ., concur.*

Submitted September 4, 1968—Decided September 25, 1968—Judgment adhered to December 19, 1968.

*Shaw, Stolz & Fletcher, Dennis D. Watson,* G. W. Harris, *pro se,* for appellant.

*William M. Campbell, Solicitor,* for appellee.