## 44187. McGREGOR v. THE STATE.

EBERHARDT, Judge. The defendant was charged is one count with violation of the Uniform Narcotic Drug Act by selling morphine without a prescription therefor, and in another with violation of the Georgia Drug Abuse Control Act by selling pentobarbital without a prescription. He pleaded not guilty and on the trial of his case made an unsworn statement in which he related that he "graduated and passed the Board of Pharmacy on December 5, 1932, which is a long time ago. Since that time I have pursued pharmacy, except maybe a year or two that I traveled." In rebuttal the State called a drug inspector who worked under the State Board of Pharmacy and asked him whether the defendant "has pursued pharmacy continuously since 1932," to which he answered that his license "has been revoked at one time." The defendant moved for a mistrial (which was denied) on the ground that this evidence tended to place his character in issue, when he had not done so himself.

In the charge to the jury the court failed to inform the jurors that if they should convict, in connection with fixing the punishment, they might recommend that the defendant be punished as for a misdemeanor. Defendant made no objection before verdict to this failure to charge, but enumerates it as error in his appeal from the judgment and sentence on the verdict. *Held:*

Assuming, but not deciding, that the rebuttal evidence tended to place the defendant's character in issue as contended, the denial of a mistrial was nevertheless proper. "Where the

defendant in a criminal case exercises his right of making a statement not under oath, such statement may be contradicted by testimony as to the facts which it narrates." *Camp v. State,* 179 Ga. 292 (1) (175 SE 646) ; *Morris v. State,* 177 Ga. 106, 114 (5) (169 SE 495) ; *Woodward v. State,* 197 Ga. 60, 67 (6) (28 SE2d 480) ; *Barnes v. State,* 24 Ga. App. 372 (1) (100 SE 788). Where the rebuttal testimony is relevant it is immaterial to its admissibility that it may incidentally tend to place the defendant's character in issue, for in the inclusion in his statement of the facts to be rebutted he has opened the door for its rebuttal. "Where evidence is relevant and material, it is not objectionable merely because it is prejudicial or because its effect is incidentally to put the defendant's character in issue. *Owensby v. State,* 149 Ga. 19 (1a) (98 SE 552) ; *Howell v. State,* 162 Ga. 14, 22 (134 SE 59)." *Bennefield v. State,* 86 Ga. App. 285, 288 (71 SE2d 760).

Moreover, when the rebuttal witness whose testimony was objected to and on the basis of which the motion for mistrial was made, concluded his testimony, counsel for the defendant renewed his objections to the evidence and moved that it be stricken and that the jury be instructed to disregard it. That motion was granted. The evidence was ruled out and the jury was instructed to "disregard all testimony along that line." Having done so, the overruling of the renewed motion for mistrial was not error requiring a reversal. *Burns v. State,* 191 Ga. 60, 74 (9) (11 SE2d 350).

2. (a) Each of the offenses for which the defendant was convicted is a reducible felony; that is to say, the jury might have recommended punishment as for a misdemeanor. *Code* § 27-2501.

(b) It is reversible error to fail to so inform the jury when instructing as to the punishment that may be fixed in the event of conviction. *Moore v. State,* 150 Ga. 679, 680 (2) (104 SE 907).

The State insists that because of the uncertainty of the status of *Code* § 27-2501, originally taken from Ga. L. 1895, p. 63, then altered by Ga. L. 1939, p. 285, which was thereafter specifically repealed by Ga. L. 1964, p. 483, it was not error for the judge to refrain from instructing the jury that they might recommend punishment as for a misdemeanor. (See the editorial comment under *Code* § 27-2501 in both the

bound volume and the supplement). We are not so persuaded. After repealing the Act of 1939, the Act of 1964 specifically provides in Sec. 5 that "Nothing herein shall be construed to preclude either the jury or the judge from reducing the punishment for felonies to misdemeanors as provided by an Act approved March 24, 1939 (Ga. L. 1939, p. 285)." This certainly expresses a clear legislative intent to retain that portion of the Act of 1939, or to reenact it, although in Sec. 1 of the Act of 1964 it was provided that the Act of 1939 was "hereby repealed in its entirety." See *Harris v. State,* 221 Ga. 398, 401 (144 SE2d 769). To put it another way, it clearly indicates that the General Assembly had no intention of dispensing with the prerogative of a jury to recommend a reduction of the punishment in those instances which had been provided by the Act of 1939. (This clouded situation will be cleared away when the new criminal code becomes effective July 1, 1969, of which see § 26-3101). But in keeping with what appears to have been the clear legislative intent it must follow that if the jury is to retain the prerogative in some instances and not in others (as the Act of 1939 provided) it is incumbent on the court to inform them when the offense for which the defendant is being tried is one of those for which they may choose to make the recommendation.

(c) Under provisions of the Appellate Practice Act prior to the amendment of 1968 (Ga. L. 1968, pp. 1072, 1078) it was required that exception to the charge or to failure to charge be made in all cases prior to verdict. However, under the amendment of 1968 this is limited to civil cases.

(d) Although this case was tried before the effective date of the 1968 amendment, under the ruling in *Hill v. Willis,* 224 Ga. 263, 264 (1) (161 SE2d 281) where no vested right of a party is adversely affected (see *Calhoun v. State Hwy. Dept.,* 223 Ga. 65 (153 SE2d 418)), we must apply the law as it is when making our judgment rather than as it was at the time of the trial.

(e) On this appeal from the judgment and sentence on the verdict (without a motion for new trial) the defendant is entitled to enumerate as error the failure of the court to inform the jury that in the event of conviction they should fix the punishment within the limits specified by law *and* further that they might, if they chose to do so, recommend

punishment as for a misdemeanor as to each of the counts. See *Tiller v. State*, 224 Ga. 645 (164 SE2d 137). This enumeration is meritorious and the judgment must be vacated and the case is remanded for a new trial.

*Judgment reversed. Bell, P. J., and Deen, J., concur.*

ARGUED JANUARY 9, 1969—DECIDED JANUARY 14, 1969.

Drug violation. Berrien Superior Court. Before Judge Lott.

*Knight & Perry, W. D. Knight, W. Emory Walters,* for appellant.

*Vickers Neugent, Solicitor General,* for appellee.