## 53918. AYCOCK v. THE STATE.

SHULMAN, Judge.

This appeal is from a conviction on both counts of an indictment charging appellant with possession of tetrahydrocannabinol (hereinafter THC), a Schedule I controlled substance, and possession of marijuana. We reverse the conviction and remand for a new trial.

1. The first error enumerated by appellant is the trial judge's denial of a motion to suppress. Although there was some conflict in the testimony concerning the circumstances surrounding appellant's arrest, there was evidence to support the trial court's ruling. "The

credibility of the witness is for the trial judge's determination. [Cits.] His judgment will 'not be disturbed by a reviewing court if there is any evidence to support it.' [Cit.] Therefore, where there is a conflict in the evidence on the motion to suppress, the ruling of the trial court will be upheld where there is any evidence to authorize a finding in support of his order. [Cits.]" *Brisendine v. State,* 130 Ga. App. 249 (1) (203 SE2d 308). The enumeration is without merit.

2. Appellant contends the court erred in refusing to submit to a jury the question of the legality of the search. A motion to suppress is authorized by Code Ann. § 27-313 which, by its language, provides for a hearing by the trial judge outside the presence of the jury. There was no error then, in denying appellant a jury determination at the hearing on the motion to suppress. Any right appellant may have had to submit the issue to a jury at trial was effectively waived by appellant's decision to try the case before a judge alone.

3. A chemist from the state crime laboratory testified that, based on the rusults of her examination of the alleged contraband, her opinion was that the substances seized from appellant were those named in the indictment. Appellant complains that she was not qualified. The question of an expert's qualification is addressed to the discretion of the court and this discretion will not be disturbed ". . . unless the error is clear and involves a misconception of the law." *Dandridge v. State,* 109 Ga. App. 33 (2) (134 SE2d 814). There is no clear error here.

4. Prior to trial, appellant made a motion for an order allowing examination of the alleged contraband by a chemist of his choice. The denial of that motion is enumerated as error.

The record of this case shows thoughtful consideration of each aspect of the trial by a diligent and competent judge. His denial of appellant's motion for independent analysis was soundly based on the law as it appeared at the time of trial. Since the trial, however, our Supreme Court has changed the law on this subject. In *Patterson v. State,* 238 Ga. 204, 206 (232 SE2d 233), it was held: ". . . we recognize the general right of a defendant

charged with possession . . . of a prohibited substance to have an expert of his own choosing analyze it independently. Where the defendant's conviction or acquittal is dependent upon the identification of the substance as contraband, due process of law requires that analysis of the substance not be left completely within the province of the state. [Cits.]"

Although trial in the instant case came before the *Patterson* decision, we apply it here in keeping with the principle that an appellate court applies the law as it exists when the case is before it. *Harris v. State,* 118 Ga. App. 848 (166 SE2d 94); *McGregor v. State,* 119 Ga. App. 40 (165 SE2d 915). We feel this principle to be especially applicable in light of the constitutional ground (due process) of the *Patterson* holding. We hold, therefore, that this case must be returned to the trial court for proceedings consistent with *Patterson v. State,* supra.

5. Part of the contraband seized from appellant was three vials of a brown oil. The state alleged that those contained THC. The defendant contends that they contained "hash oil," a derivative of marijuana. On the basis that the state's expert witness testified that there was no observable plant material in the oil, the trial judge held the liquid to be a Schedule I controlled substance. This holding was made over an objection that the state had omitted to test the liquid for chlorophyll, the presence of which would indicate an organic origin of the oil. Since we are returning the case to permit independent analysis of the alleged THC, we will reserve judgment on the question of whether the substance is to be considered a derivative of marijuana or a Schedule I controlled substance.

*Judgment reversed. Quillian, P. J., and McMurray, J., concur.*

SUBMITTED MAY 10, 1977 — DECIDED JUNE 13, 1977 — REHEARING DENIED JULY 7, 1977.

*Al Horn,* for appellant.
*William H. Ison, District Attorney, John P. Quinlan,*

*Assistant District Attorney,* for appellee.