75033. RYLEE v. THE STATE.
(361 SE2d 546)

POPE, Judge.

Defendant Ralph Leon Rylee was convicted of driving under the influence and was sentenced to serve twelve months. Defendant's only enumeration concerns the trial court's refusal to give his request to charge concerning presumptions. Defendant argues that although the requested charge was subsequently found by this court to be impermissibly burden shifting, *Peters v. State,* 175 Ga. App. 463 (2) (333 SE2d 436) (1985), overruled on other grounds, *Hogan v. State,* 178 Ga. App. 534 (343 SE2d 770) (1986), at the time of trial the trial court was required to give the requested charge under the mandate of *Olsen v. State,* 168 Ga. App. 296 (1) (308 SE2d 703) (1983) (see also *McCann v. State,* 167 Ga. App. 368 (2) (306 SE2d 681) (1983), cert. den.,

464 U. S. 1044 (1984), and hence it was error for the court to refuse to do so. "Although [defendant is correct in arguing that] trial in the instant case came before the [Peters] decision, we apply it here in keeping with the principle that an appellate court applies the law as it exists when the case is before it. *Harris v. State*, 118 Ga. App. 848 (166 SE2d 94) [(1968)]; *McGregor v. State*, 119 Ga. App. 40 (165 SE2d 915) [(1969)]. We feel this principle to be especially applicable in light of the constitutional ground (due process) of the [Peters] holding." *Aycock v. State*, 142 Ga. App. 755, 757 (236 SE2d 863) (1977). Here the trial court's charge on presumptions contained language similar to that suggested in *Peters* and contained in the Council of Superior Court Judges Suggested Pattern Jury Instructions, Vol. 2, Criminal Cases. Hence, in the present case the trial court's refusal to give the requested charge affords no basis for reversal.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED SEPTEMBER 30, 1987.

*Samuel H. Harrison*, for appellant.

*Johnnie L. Caldwell, Jr., District Attorney, J. David Fowler, Assistant District Attorney*, for appellee.