A89A0297. HOUSTON v. THE STATE.
(383 SE2d 571)

POPE, Judge.

Defendant Johnnie Lee Houston appeals from his convictions and sentences for the offenses of possession of less than one ounce of marijuana and possession of cocaine. *Held*:

1. Defendant first challenges the sufficiency of the evidence as to his conviction for the offense of possession of cocaine. We have examined the evidence and find it sufficient to support the jury verdict under the standard enunciated in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Defendant next contends that the trial court erred by allowing the State, over objection, to introduce into evidence defendant's prior conviction for robbery. The record shows that while on direct examination, defendant attempted to explain that he possessed marijuana for medicinal purposes, in that he smoked it on occasion to relieve headaches and eye problems. The State argued, under the authority of *Phillips v. State*, 254 Ga. 370 (329 SE2d 475) (1985), that by this testimony defendant had put his character in issue and that it should be allowed to introduce evidence of defendant's prior conviction.

We agree with the defendant that this situation is controlled by the holding in *Jones v. State*, 257 Ga. 753 (363 SE2d 529) (1988), in which the Georgia Supreme Court expressly overruled *Phillips*. "The defendant's testimony that he committed the criminal act of [possessing and] smoking marijuana did not in and of itself place his character in issue within the meaning of OCGA § 24-9-20 (b). [*Jones*] at 759 (1) (b)." *Hurston v. State*, 189 Ga. App. 748, 750 (377 SE2d 519) (1989). Although the State was entitled to explore fully defendant's testimony concerning his use of marijuana on cross-examination, under the authority of *Jones* defendant did not place his character in

issue within the meaning of OCGA § 24-9-20 (b) and the trial court committed reversible error by allowing the evidence of defendant's prior conviction to be admitted. *Hurston*, supra; *McGuire v. State*, 188 Ga. App. 891 (2) (374 SE2d 816) (1988).

3. In light of our holding in Division 2, supra, it is unnecessary for us to consider defendant's remaining enumerations.

*Judgment reversed. Banke, P. J., and Sognier, J., concur.*

### ON MOTION FOR REHEARING.

On rehearing the State argues that the holding in *Jones v. State*, 257 Ga. 753 (363 SE2d 529) (1988), should not be retroactively applied to the facts of this case. We disagree. An appellate court applies the law as it exists at the time when the case is before it. *Rylee v. State*, 184 Ga. App. 401 (361 SE2d 546) (1987). Consequently, defendant's conviction must be reversed.

### DECIDED MAY 22, 1989 —
### REHEARING DENIED JUNE 22, 1989.

Johnnie Houston, *pro se*.

Robert E. Wilson, District Attorney, Robert M. Coker, J. Michael McDaniel, Assistant District Attorneys, for appellee.