## 1579.  HENDERSON v. THE STATE.

POWELL, J.  1. A person coerced, by fear of danger to life or limb, to join with another in the commission of a crime is not an accomplice. Penal Code, §41; *Beal* v. *State*, 72 *Ga.* 200.

2. The coercion necessary to relieve a person joining in the commission of a crime from such responsibility as to make him an accomplice must be such as to put him in danger of his life or member, or in reasonable fear that his life or limb is in danger. However, where in a given case the alleged coercion consisted in a threat to kill, made by a person having a gun as a present means of executing the threat, it was not error to charge that although "he [the person alleged to have been coerced] might have taken some part in the commission of this crime, if it was committed, but you should find that that which he did was not free and voluntary upon his own part, but was forced upon him, that he did it under duress, did it because he was afraid not to do it, then, in that event, I charge you he would not be an accomplice." The duress mentioned in the charge, taken in connection with the circumstances proved, necessarily referred to a coercion brought about by the fear of a danger to life or member.

3. Where the defendant puts in evidence his character by introducing witnesses who testify that his character is good, the State may reply by showing, on cross-examination or otherwise, that he had previously been confined in the chain-gang or penitentiary. Upon this subject an instruction to the jury in the following language, "I have permitted to go before you certain evidence as to whether or not the defendant in this case at one time served in the chain-gang of Floyd county, or some other place of confinement perhaps; that goes before you not for the purpose of showing his bad character, but for the purpose of aiding you, if it does so, in determining whether or not the testimony of these parties, who testified as to his good character, was or was not the truth in this case," was not harmful error to the accused. If there is error at all in this instruction, the error consists in the limitation placed upon the effect of the testimony; and this being favorable to the defendant, rather than against him, he will not be allowed to complain. The evidence supports the verdict, and no material or harmful error is found in the record.                              *Judgment affirmed.*

Indictment for attempt to wreck train, from Floyd superior court —Judge Wright.   October 14, 1908.

Submitted January 13,—Decided January 27, 1909.

*F. W. Copeland,* for plaintiff in error.

*John W. Bale, solicitor-general, Ennis & Shaw,* contra.