### HUNTER *v.* THE STATE.

1. The omission to charge the law touching the modes in which a witness may be impeached will not require a new trial, in the absence of a request for such a charge, in a case where it may be appropriate.

2. Where a request to charge is not strictly accurate in its terms, and the court correctly charges the legal principle involved in it, but refuses to give the charge as requested, this furnishes no ground for a new trial.

3. A request to charge that if two men were both charged with the killing of a certain man, "and if you have a doubt which one of these men killed" the deceased, the jury must give the prisoner the benefit of the doubt and acquit him, was properly refused. It is a reasonable doubt of

the guilt of the accused on trial which will furnish a ground of acquittal, not merely any doubt as to which of two men did the killing.

4. There was no error in refusing a request to charge which included a statement that if another person than the accused (who was indicted alone and placed on trial for murder) was also "charged with the murder alleged in the bill of indictment," such person was an accomplice in law. This was not a proper test by which to determine whether such other person was an accomplice requiring corroboration of his testimony in order to convict. *Bernhard* v. *State*, 76 *Ga.* 613.

5. A ground of a motion for a new trial which assigned error on the refusal of the court to charge a certain principle of law, "as requested by defendant's counsel," but which did not show that there was any timely written request therefor, will not require the grant of a new trial, where the substantial law of the case was given in charge.

6. If in a criminal case the presiding judge correctly charges as to the issues raised by the indictment, the plea, and the evidence, it will not require a new trial that he did not charge as to a contention raised by the statement of the accused, in the absence of a request therefor.

7. Where a witness had been introduced by the accused to prove his good character, on cross-examination there was no error in allowing him to testify that he had heard that the accused had been in the chain-gang.

8. If it was material to prove that a witness had been convicted of the offense of carrying a concealed weapon, the best evidence of that fact is the record of the conviction; and there was no error in refusing to allow a witness to be asked in parol as to whether he had not been so convicted.

9. It is improper for a solicitor-general in the progress of the trial of a criminal case, in the presence of the jury, to make statements of facts bearing on the case, outside the evidence and calculated to injure the accused. Such statements should be met with a prompt rebuke on the part of the presiding judge, should be clearly and distinctly excluded from the consideration of the jury; and in cases where it is not probable that the injury done can be eradicated, a mistrial should be granted on motion.

(*a*) In the present case the statement made by the solicitor-general that the grand jury had failed to find a bill against another person than the defendant, who had also been accused of being guilty of the murder involved in the investigation, and that he wished to discharge such person, should not have been made in the presence of the jury. But inasmuch as it did not appear to be a wilful effort on the part of the solicitor-general to place before the jury, by his mere statement, facts outside the evidence, but to have been a bona fide, though mistaken, effort to relieve such other person, who had just testified as a witness that he had been incarcerated for some time under a charge of being guilty of the murder; and inasmuch as the court promptly corrected such erroneous practice and instructed the jury not to consider what had been said in any particular in making up their verdict, and as the evidence amply supported the finding of the jury, this court will not reverse the refusal to grant a new trial on that ground. *Georgia Midland & Gulf R. Co.* v. *Evans*, 87 *Ga.* 674 (13 S. E. 580); *Harrison* v. *Langston & Woodson*, 100 *Ga.* 394 (28 S. E. 162).

10. The other grounds of the motion for a new trial are without merit. The verdict was supported by the evidence, and there was no error in refusing to grant a new trial.

Submitted June 21,—Decided July 15, 1909.

Indictment for murder. Before Judge Rawlings. Washington superior court. April 29, 1909.

*John R. Cooper,* for plaintiff in error.

*John C. Hart, attorney-general, Alfred Herrington, solicitorgeneral,* and *Hines & Jordan,* contra.

LUMPKIN, J. We deem it unnecessary to elaborate the headnotes, except in one particular. This court has frequently held that a lawyer should not be permitted to make statements of facts concerning the issues on trial, in the presence of the jury, outside of the evidence and prejudicial to the adverse side. We wish once more to state emphatically that such a practice will not be permitted. It is not only improper in a lawyer to indulge in it, but it is improper on the part of a judge to allow it to be done. If an effort is made to thus get facts before the jury, not by legal evidence, but by the bald statement of counsel, the presiding judge should, on having his attention directed to it, promptly stop it, rebuke counsel, and exclude the matter from the attention of the jury in a clear and explicit manner. Even without a motion, if the judge sees that improper methods are being used, he should interpose and stop them. If facts material to the case and prejudicial to the adverse side are stated by an attorney in the presence of the jury, without evidence thereof, and under the circumstances it seems improbable that the injury so effected can be cured by rebuke and instructions, a mistrial should be granted on motion. It is true that a mistrial may cause a loss of time and a repetition of some work; but if the minds of a jury have been so infected or prejudiced by improper statements of facts outside the evidence that it is not probable that the case can be fairly and impartially tried, the trial should not proceed to a verdict under such circumstances, over the objection of the injured party. Time is important, but justice is more so. The State of Georgia, in administering the law through its courts, can not afford to secure a verdict of conviction of murder against a defendant by unlawful methods. We are not curtailing the legitimate latitude of argument. We are referring to getting facts before a jury by unsworn statements instead of evidence.

We do not mean to say that the solicitor-general in the case now before us was guilty of intentional misconduct, or that the statement made by him was intended to affect the jury, or to place before them facts bearing on the case and not shown by the evidence. On the contrary, the circumstances would seem to indicate that the statement made by him was inadvertent rather than designed. The indictment on which the accused was tried was against him alone. He sought to show that the murder with which he was charged had been committed by a witness for the State. While the latter was on the stand, it was drawn from him, by cross-examination of counsel for the defendant, that he had been in jail for sometime preceding the trial, charged also with the murder. From his testimony it would seem that he was still held as a prisoner. At the close of his testimony, the solicitor-general in open court, before the jury, stated that "the grand jury had failed to find a bill against the witness, and that he (the solicitor-general) wished to discharge him." Apparently this was not done as stating to the jury a fact to be considered as evidence, but was addressed to the court as expressing a desire to discharge from custody the witness who had just left the stand. It was not good practice. The case against the witness and the case against the accused should have been disposed of separately, and the witness should not have been discharged in the presence of the jury pending the trial of the accused and just after the witness had given his testimony against the accused. If it was competent to show a return of no bill by the grand jury, as affecting the case on trial, the way to do so was by evidence. But the circumstances were not such as, in our opinion, to indicate bad faith or an intention to get before the jury improperly facts prejudicial to the accused. The presiding judge promptly withdrew this statement from the the jury, and instructed them to give no consideration to it in making up their verdict. The indictment under which the accused was being tried was before the jury, and showed on its face that it did not include the witness as a defendant. We do not mean that a trial judge must declare that bona fides of counsel will necessarily be an answer to a motion for a mistrial; but we can not say that the effect of the statement here made was not cured, or that there was error in refusing to grant a new trial.

*Judgment affirmed. All the Justices concur.*