### BRANTLEY *v.* THE STATE.

ATKINSON, J. 1. In the absence of an appropriate written request, it was not cause for the grant of a new trial that the judge, while charging upon the law of reasonable doubt, omitted to charge that the jury might consider the prisoner's statement in determining whether or not there was a reasonable doubt of his guilt, the judge, in other portions of the charge, having instructed the jury concerning the weight which might be given to the prisoner's statement. See *Walker* v. *State,* 118 *Ga.* 34 (44 S. E. 850); *Jordan* v. *State,* 130 *Ga.* 406 (60 S. E. 1063).

(a) It is not "any doubt," but a "reasonable doubt," which will suffice as the basis for an acquittal. See *Hunter* v. *State,* 133 *Ga.* 78 (65 S. E. 154).

2. One ground of the motion for a new trial was as follows: "Because the court erred in admitting the following testimony of a witness for the State, over objection: 'Have you ever heard about Solomon Brantley's character by what others told you?' (A.) Yes, sir. I was warned by

half a dozen or more that I had better be on the watchout, if I ever had any trouble with him to be prepared for him. I heard that he was in the habit of carrying concealed weapons.'" It was stated that the "defendant objected to this evidence on the ground that it was illegal testimony, because it was going into the specific acts of the defendant and into the details of the difficulty, to wit, carrying concealed weapons. This is forbidden by law." In the brief of evidence, the direct examination of the witness contains no statement that he heard that the defendant was in the habit of carrying concealed weapons, but on the cross-examination he testified: "I have never been told by men that he was armed." *Held:* (*a*) That the defendant, having put in evidence his character for peaceableness, the State could reply thereto; but it was his general character for violence or peaceableness which could be shown in rebuttal, not hearsay that defendant had done particular things. (*b*) However, under the evidence and the prisoner's statement in this case, showing that he was armed with a pistol on the occasion of the homicide and did shoot the deceased, the admission of the evidence did not require a new trial.

3. Where on the trial of a criminal case a witness was introduced by the accused, it was not competent to show that on a former trial of the same case he had been introduced by the State and had sworn substantially as on the last trial; and this is true although, when introduced by the accused, the State sought to impeach the witness, unless such impeachment was sought to be made on the ground of a difference between his testimony on the first and second trial, in which event it would be competent to show that there was no variance in his testimony.

4. A motion to postpone the further progress of a criminal case and allow time for the attorney of the accused "to recover and get in shape to argue the case," was addressed to the sound discretion of the presiding judge; and under the showing made and the opportunity of the court to observe the condition of counsel who was present trying the case, there was no abuse of discretion in overruling the motion, especially as the court offered to allow counsel time in which to argue the case. See, in this connection, *Rawlins* v. *State*, 124 *Ga.* 31 (19), (52 S. E. 1); *Carter* v. *Pitts*, 125 *Ga.* 792 (54 S. E. 695).

5. The evidence was sufficient to support the verdict.

6. In the light of the evidence and the charge of the court, there was no error in any of the other grounds of the motion for new trial which requires the grant of a new trial for any of the reasons assigned.

*Judgment affirmed. All the Justices concur.*

Submitted July 19,—Decided August 14, 1909.

Indictment for murder. Before Judge Rawlings. Washington superior court. May 10, 1909.

*John R. Cooper,* for plaintiff in error.

*John C. Hart,* attorney-general, *Alfred Herrington,* solicitor-general, and *Hines & Jordan,* contra.