## MIMBS *v*. THE STATE.

No. 13095.   November 14, 1939.

*W. A. Dampier* and *L. F. Watson,* for plaintiff in error.

*Ellis G. Arnall, attorney-general, J. Roy Rowland, solicitor-general, Duke Davis* and *C. E. Gregory Jr., assistant attorneys-general,* and *R. Earl Camp,* contra.

JENKINS, Justice. ■ The verdict of guilty of murder was authorized by the testimony for the State that the defendant without justification shot the deceased with a pistol after the deceased

had already met and passed in his automobile to his right of the defendant's car, and not, as the defendant contended under his testimony, before the cars had met and while the deceased was or appeared to be assaulting the defendant by unlawfully driving directly toward the car occupied by the defendant and his parents.

■ Evidence as to an offense other than that charged against a defendant is not admissible for the purpose of showing his guilt of the offense of which he stands accused, unless the evidence as to the other offense is offered for the purpose of proving and tends to show a common design, scheme, plan, or purpose, or some other rational connection with the offense for which he is being tried. *Frank* v. *State,* 141 *Ga.* 243 (2-a, c), 256-267 (80 S. E. 1016); *Fluker* v. *State,* 184 *Ga.* 809 (4) (193 S. E. 749), and cit. Where the good character of a defendant is put in issue, evidence as to general bad character with respect to the particular trait may be shown in rebuttal; but in so doing it is not permissible to prove specific acts, except on cross-examination for the purpose of testing the knowledge of the defendant's witnesses, and except for the purpose of impeaching knowingly false statements made by the defendant himself to the jury or by his witnesses on cross-examination. *Doyal* v. *State,* 70 *Ga.* 134 (5), 147 and cit.; *Andrews* v. *State,* 118 *Ga.* 1 (2), 3 (43 S. E. 852); *Baldwin* v. *State,* 138 *Ga.* 349 (2), 350 (75 S. E. 324); *Dotson* v. *State,* 136 *Ga.* 243 (2), 244 (71 S. E. 164); *May* v. *State,* 185 *Ga.* 335 (2), 339 (195 S. E. 196); *Camp* v. *State,* 179 *Ga.* 292 (175 S. E. 646); *Sisk* v. *State,* 182 *Ga.* 448 (3), 452 (185 S. E. 777); *Worthy* v. *State,* 184 *Ga.* 402 (2) (191 S. E. 457); *Ozburn* v. *State,* 87 *Ga.* 173 (4), 180 (13 S. E. 247); *Powell* v. *State,* 101 *Ga.* 9 (1, a, b), 16 (29 S. E. 309, 65 Am. St. R. 277); *Warrick* v. *State,* 125 *Ga.* 133 (6), 141 (53 S. E. 1027); *Brantley* v. *State,* 133 *Ga.* 264 (2) (65 S. E. 426); *Moulder* v. *State,* 9 *Ga. App.* 438 (71 S. E. 682); *Henderson* v. *State,* 5 *Ga. App.* 495 (3) (63 S. E. 535); *McKenzie* v. *State,* 8 *Ga. App.* 124 (2) (68 S. E. 622); *Smith* v. *State,* 11 *Ga. App.* 89 (4) (74 S. E. 711); Code, § 38-202. As to the rules relating to the impeachment of witnesses, see Code, § 38-1804; *Coleman* v. *State,* 94 *Ga.* 85, 86 (21 S. E. 124); *Sheffield* v. *Hammond,* 41 *Ga. App.* 76 (151 S. E. 663), and cit.

■ Where illegal evidence is admitted over objection, the subsequent action of the court in ruling out such evidence, with an

instruction to the jury not to consider it, will ordinarily cure the error, so that the previous erroneous admission of the evidence will not require a new trial. *Buchanan* v. *State,* 137 *Ga.* 774 (1, *a*) (74 S. E. 536); *Williams* v. *State,* 138 *Ga.* 825 (2) (76 S. E. 347); *Rentfrow* v. *State,* 123 *Ga.* 539 (51 S. E. 596); *Annunciato* v. *State,* 176 *Ga.* 787 (2), 790 (169 S. E. 3); *Withrow* v. *State,* 136 *Ga.* 337 (3) (71 S. E. 139); *Worthy* v. *State,* 184 *Ga.* 402 (3) (191 S. E. 457), and cit.

■ Applying the rules set forth in the two preceding paragraphs, it is doubtful in the instant case whether the character of the defendant for peaceableness was put in issue by him; but since the specific act the State sought to prove was trivial in character, and could not be taken to illustrate the character of the defendant for violence, and since the judge specifically withdrew such testimony from the consideration of the jury, and instructed them not to consider it, its admission will not authorize the grant of a new trial. Especially is this true where, as here, no exception was taken to the denial of the motion to declare a mistrial. See *Wheat* v. *State,* 187 *Ga.* 480 (6) (1 S. E. 2d, 1), and cit.     *Judgment affirmed. All the Justices concur.*