360

35473. SMITH v. THE STATE.

CARLISLE, J. "Evidence as to an offense other than that charged against a defendant is not admissible for the purpose of showing his guilt of the offense of which he stands accused, unless the evidence as to the other offense is offered for the purpose of proving and tends to show a common design, scheme, plan, or purpose, or some other rational connection with the offense for which he is being tried. *Frank* v. *State,* 141 *Ga.* 243 (2a, c), 256-267 (80 S. E. 1016); *Fluker* v. *State,* 184 *Ga.* 809 (4) (193 S. E. 749), and cit. Where the good character of a defendant is put in issue, evidence as to general bad character with respect to the particular trait may be shown in rebuttal; but in so doing it is not permissible to prove specific acts, except on cross-examination for the purpose of testing the knowledge of the defendant's witnesses, and ex-

cept for the purpose of impeaching knowingly false statements made by the defendant himself to the jury or by his witnesses on cross-examination." (Citing numerous cases.) *Mimbs* v. *State,* 189 *Ga.* 189, 192 (5 S. E. 2d 770). Under an application of the foregoing rules of law to the facts of the present case, it was such error as to require the grant of a new trial for the trial court, after the defendant, who was on trial for murder, had introduced evidence of his general good character only, to permit the State, on direct examination of one of its witnesses, to introduce evidence of *specific acts* as tending to establish the defendant's general bad character. Under the circumstances indicated, the State should have confined its direct examination of its witness to proof of general bad character only. The testimony of the sheriff that, during the two years preceding the murder, he had been called to the defendant's house on various occasions to quell disturbances of the peace, and that he smelled liquor on the persons gathered there was illustrative of no issue involved in the defendant's trial for murder. It rebutted no statement made by the defendant in his statement to the jury. It established no common design, scheme, plan, or purpose to commit murder, and it did not illustrate the defendant's reputation for general bad character. Consequent upon this error, the case must be remanded for a new trial.

2. In view of the ruling made in the foregoing division of this opinion, it is unnecessary to consider the remaining assignments of error contained in the motion for new trial, which consist only of the general grounds.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JANUARY 14, 1955.

*Colley & Orr,* for plaintiff in error.
*J. Cecil Davis, Solicitor-General,* contra.