## A94A2320. DeLOACH v. THE STATE.
(453 SE2d 766)

McMURRAY, Presiding Judge.

Defendant DeLoach appeals his conviction of the offenses of aggravated assault and possession of a firearm during commission of a crime. *Held:*

1. Before addressing the merits in the case sub judice, we note

---

that this court has received a pro se communication, with copy indicated to his attorneys, from defendant complaining of his attorneys' failure to obtain for him a bond pending appeal and relating his decision to discharge his attorneys. This communication was received more than two months following the filing of a brief and enumeration of error on behalf of defendant by these attorneys. This letter does not request any action by this court. Furthermore, there has been no communication from the attorneys related to this issue. Under these circumstances we deem it appropriate to continue with the consideration on the merits of defendant's pending appeal.

2. Defendant presented evidence of his good character via his own testimony and that of several additional witnesses. During the cross-examination of one of defendant's character witnesses, the prosecuting attorney asked whether or not the witness knew if defendant had ever been convicted of a crime. The witness answered that he did not know of any criminal conviction of defendant. The prosecuting attorney then paused to have marked for identification an exhibit consisting of a certified copy of a conviction of defendant for child abandonment. Shortly thereafter defense counsel moved for a mistrial, complaining that the conviction for child abandonment was not a proper means of impeachment or otherwise addressing the issue of character. The trial court overruled defendant's motion for mistrial, expressing an understanding that child abandonment is a crime involving moral turpitude. Upon the tender into evidence of the certified conviction, defendant objected once more and was again overruled. The certified copy of the child abandonment conviction was admitted into evidence and defendant enumerates as error the admission of that evidence.

" 'When the defendant, in the trial of a criminal case, puts his character in issue the State (a) may cross-examine the witnesses offered by him in order to test their knowledge of his character, and (b) may also offer witnesses to prove his general bad character . . . , and (c) the State may, where the defendant has been previously convicted of a crime involving moral turpitude, introduce the record of such conviction in the manner provided by law.' *Giles v. State*, 71 Ga. App. 736 (32 SE2d 111) (1944)." *Ailstock v. State*, 159 Ga. App. 482, 485 (3) (283 SE2d 698). In offering proof of the defendant's general bad character, the State is held to the same restrictions as defendant regarding character evidence and cannot prove specific acts to show defendant's bad character save where the accused has been convicted of a crime involving moral turpitude. *Giles v. State*, 71 Ga. App. 736, 737, 739, supra.

The trial court was mistaken in its understanding that child abandonment is a crime involving moral turpitude since it has been established that such is not correct. See *Hall v. Hall*, 261 Ga. 188 (402

SE2d 726) citing *Seaboard Coast Line R. Co. v. West*, 155 Ga. App. 391, 392 (3) (271 SE2d 36). It follows that the certified copy of defendant's conviction of the offense of child abandonment was not properly admitted under the theory expressed by the trial court, that is, that it was admissible as evidence of defendant's conviction of a crime involving moral turpitude.

Nonetheless, on appeal, the State maintains that any error was harmless since the certified copy of the conviction was properly admitted under an alternative theory of impeachment. This "right for any reason" hypothesis is predicated upon several statements made at trial by defendant and his attorney which the State maintains should be viewed as amounting to a representation that defendant had no criminal record whatsoever. Such a misrepresentation, if made, would be subject to impeachment by evidence which proves the falsity of specific testimony of the defendant. See *Jones v. State*, 257 Ga. 753, 754 (1), 759 (363 SE2d 529). However, after a careful examination of the trial transcript, we do not find the transcript excerpts referenced by the State when viewed in context to contain misrepresentations subject to impeachment. Insofar as the State relies upon inaccurate factual statements made by the defendant's attorney and directed to the court or to the defendant, we note that these statements were not evidence and can find no authority for the admission of evidence for the purpose of rebutting such colloquy. The referenced testimony of defendant, when viewed in context, is directed entirely to the question of whether he had previously been involved in any violent confrontations and does not amount to a denial of his criminal record.

As the certified copy of defendant's conviction of child abandonment was not admissible to impeach any contradictory evidence presented at trial, it was not properly admitted at trial. Since this evidence was improperly admitted and we cannot say with any degree of confidence that it did not influence the jury's verdict, defendant's conviction must be reversed and the case remanded for retrial. We note that defendant's remaining enumerations of error, being unlikely to recur, are rendered moot.

*Judgment reversed. Pope, P. J., and Smith, J., concur.*

DECIDED JANUARY 30, 1995.

*Calhoun & Associates, John R. Calhoun, Gregory N. Crawford,* for appellant.

*Spencer Lawton, Jr., District Attorney, Ronald M. Adams, Assistant District Attorney,* for appellee.