appellees.

## A94A2741. CANUP v. THE STATE.
(456 SE2d 215)

Pope, Presiding Judge.

After a mistrial, defendant David Canup was retried and subsequently convicted by a jury of two counts of child molestation. Defendant appeals his conviction.

The record shows that during the second trial, defendant, who was a Cartersville police officer, took the stand in his own defense. During cross-examination of defendant, the State asked him what his rank was when he left the police department. At that time defendant's counsel asked to approach the bench. During the bench conference that followed, defendant's counsel stated that the inquiry as to defendant's rank and the fact that he had been demoted was irrelevant. In response, the State told the trial court that, based on the first trial of the matter, it anticipated that defendant would present testimony as to his good character. The trial court then asked defendant's counsel whether he had any character witnesses. Defendant's counsel said that he probably did. The trial court then stated that it would allow the State's inquiry because defendant intended to put his character into evidence, at which point defendant's counsel stated that he anticipated that he would be placing defendant's character into evidence. Thereafter, the State asked defendant whether he had ever been demoted and defendant explained that he once was a lieutenant but had been involuntarily demoted to the rank of patrol officer. Defendant subsequently had his own character witnesses testify.

On appeal, defendant contends that the trial court erred by allowing the State to question defendant about his demotion in rank because such an inquiry was prejudicial, irrelevant and placed defendant's character into issue prior to such time as defendant chose to first place his character in issue. We disagree and affirm.

"[O]nly where the defendant makes an election to place his good character in issue may the State offer evidence of defendant's general bad character . . . under the authority of OCGA § 24-9-20 (b)." *Jones v. State*, 257 Ga. 753, 758 (363 SE2d 529) (1988). In this case it is clear that prior to the State's questioning of defendant about his demotion, defendant's trial counsel, upon inquiry by the trial court, told the court that he anticipated putting defendant's character into evidence. Consequently, the specific facts of this case demonstrate that defendant, by way of his counsel's statements, voluntarily elected or chose to place his character in issue prior to any introduction of character evidence on the part of the State. Thus, the trial court did not

err in allowing the State to ask defendant about his demotion. This is especially true in light of the fact that defendant did call several witnesses to testify to his good character.

Additionally, we conclude that the trial court's inquiry regarding whether defendant intended to place his character in issue was objectionable, and we hold that under no circumstances would it have been appropriate for the trial court to have required defendant to make an election or state whether he intended to introduce good character evidence. In this case, however, because defendant's trial counsel did not object or take exception to the trial court's inquiry or in any way indicate that the inquiry itself was improper, we conclude that defendant waived any objection he may have had to said inquiry.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 7, 1995 —
RECONSIDERATION DENIED MARCH 23, 1995.

*Perrotta, Levinson & Paul, Christopher G. Paul,* for appellant.
*T. Joseph Campbell, District Attorney, Sharon M. Fox, Assistant District Attorney,* for appellee.

