## A03A2523. WELLS v. THE STATE.

(593 SE2d 710)

PHIPPS, Judge.

Arthur Wells is an inmate at Wilcox State Prison. He was convicted of interference with government property because he broke the glass window in the door of an isolation cell in which he was being held. After he broke the window, he had to be forcefully removed from the cell by a special team of officers. In this appeal, he charges the trial court with an abuse of discretion in allowing the jury to view a videotape showing his removal from the cell. He argues that because his removal from the cell occurred several hours after he broke the window, the videotape evidence concerned his conduct in another transaction, constituted inadmissible bad character evidence,[1] and should have been excluded because it was irrelevant and highly prejudicial. We find no merit in this argument. The evidence was admissible because the conduct of a defendant before, during, and after the crime may be considered by the jury in establishing his commission of the crime and criminal intent.[2] Here, the trial court allowed the jury to view only those portions of the tape showing that Wells was being removed from the cell because of the broken window. Other prejudicial matters depicted in the tape were not played for the jury. The admission of evidence rests within the sound discretion of the trial court,[3] and we find no abuse in this case.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED JANUARY 20, 2004.

*Mills & Chasteen, Ben B. Mills, Jr.*, for appellant.

[1] See *Jones v. State*, 257 Ga. 753, 754 (1) (363 SE2d 529) (1988).
[2] See *Zuber v. State*, 248 Ga. 314, 316 (3) (282 SE2d 900) (1981).
[3] *Harmon v. State*, 208 Ga. App. 271, 272 (2) (430 SE2d 399) (1993).

*Denise D. Fachini, District Attorney, Cheri L. Nichols, Assistant District Attorney*, for appellee.