# Court of Appeals
# of the State of Georgia

ATLANTA, November 27, 2013

*The Court of Appeals hereby passes the following order:*

**A14D0114.  ARTHUR WELLS v. THE STATE.**

Arthur Wells was convicted of interference with government property, and his conviction was affirmed on appeal.  See *Wells v. State*, 265 Ga. App. 245 (593 SE2d 710) (2004).  Wells subsequently filed a motion to vacate an unconstitutional and void sentence, which the trial court denied.  Wells filed an application for discretionary appeal from this ruling.[1]

There is no provision of OCGA § 5-6-35 (a) that requires an application for discretionary appeal from a trial court's order denying a motion to vacate an allegedly void sentence.  If an applicant applies for discretionary review of a directly appealable order, we grant the application under OCGA § 5-6-35 (j).  Here, however, Wells does not have a right of direct appeal.

An appeal may lie from an order denying a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  A sentence is void only if it imposes punishment that the law does not allow.  *Crumbley v. State*, 261 Ga. 610, 611 (a) (409 SE2d 517) (1991). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute

---

[1] Wells filed his application in the Supreme Court, which transferred the case to this Court.

provides." *Von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

Wells contends that his sentence is void because it is excessive, but a person who commits the offense of interference with government property may be imprisoned "for not less than one nor more than five years. OCGA § 16-7-24 (a). Wells was sentenced to four years. Therefore, Wells's sentence was within the statutory range, and we may not consider his application. See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010); *Harper*, supra. Accordingly, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* <u>11/27/2013</u>
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*


_____ , *Clerk.*